**IN THE COURT OF APPEALS OF IOWA**

No. 15-1953
Filed June 29, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GREGORY C. CANADAY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Fowler,

District Associate Judge.


        Defendant appeals his conviction and sentence for public intoxication,

third or subsequent offense. **AFFIRMED.**


        Les M. Blair III of Blair & Fitzsimmons, P.C. Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant

Attorney General, for appellee.



        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Defendant Gregory Canaday appeals his conviction for public intoxication, third or subsequent offense. We determine the district court did not abuse its discretion in sentencing Canaday to 365 days in the county jail, with the condition the sentence would be reconsidered upon completion of a jail-based substance abuse treatment program. We determine Canaday's claims of ineffective assistance of counsel must be preserved for possible postconviction proceedings. We affirm Canaday's conviction and sentence.

## I.    Background Facts & Proceedings

On August 3, 2015, Canaday was charged with public intoxication, third or subsequent offense, in violation of Iowa Code section 123.91(2) (2015), an aggravated misdemeanor. He completed a residential treatment program after he was charged.

On November 13, 2015, Canaday signed a written plea of guilty to the charge. He signed his initials next to the statement, "A plea agreement in my case exists as evidenced by a memorandum of plea agreement which I have signed. I understand that any plea agreement is not binding on the Court." Canaday's initials also appear next to the following handwritten statements on the written guilty plea form:

> 365 days jail all suspended
> $625.00 fine – suspended
> successful completion of Substance Abuse Evaluation and all recommended treatment a condition of probation
> enter [unknown] for all owed moneys

The written guilty plea was also signed by Canaday's defense attorney. A memorandum of plea agreement is not found in the record.

During a hearing held on November 13, 2015, there was no mention of a plea agreement. Canaday entered a guilty plea to public intoxication, third or subsequent offense, and the court accepted his plea. Canaday asked to be sentenced immediately. The State recommended 365 days in the county jail, with the condition the sentence could be reconsidered if Canaday successfully completed the jail-based substance abuse treatment program. Defense counsel pointed out Canaday had just completed a residential treatment program and asked for probation so Canaday could attend an extended outpatient program. The court sentenced Canaday to 365 days in jail, with the condition the sentence would be reconsidered when he completed the jail-based substance abuse treatment program. Canaday appeals.

## II.     Sentencing

Canaday claims the district court abused its discretion by sentencing him to 365 days in the county jail instead of ordering a suspended sentence. He states he had just completed a residential treatment program and needed to participate in an extended outpatient program. He states the court was requiring him to complete the program he had just completed, rather than permitting him to progress in his treatment.

On appeal, we review a defendant's sentence for the correction of errors at law. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). When a sentence is within the statutory limits, we determine whether the court has abused its

discretion.  *Id.*  "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable."  *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015).

The court sentenced Canaday to 365 days in the county jail, with the condition the sentence would be reconsidered upon completion of the jail-based substance abuse treatment program.  The court noted Canaday could have been sentenced to up to two years in prison but found the record showed Canaday needed treatment.  The court stated, "I know you engaged in treatment, but we have to make sure you stay in treatment and not incur any further law violations."  The court informed Canaday he would be released once he completed treatment.  We determine the district court did not abuse its discretion in sentencing Canaday, who had several previous convictions for public intoxication.

### III.    Ineffective Assistance

Canaday raises two alternative arguments in his claim of ineffective assistance of counsel.  He claims either he received ineffective assistance because defense counsel did not object to the State's failure to abide by the terms of the plea agreement regarding sentencing or he received ineffective assistance because defense counsel misled him as to the terms of the plea agreement.  The State responds the record does not show there was a plea agreement.

We review claims of ineffective assistance of counsel de novo.  *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).  To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform

an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). "We will address on direct appeal claims of ineffective assistance of counsel only if we determine the development of an additional factual record would not be helpful and these elements can be decided as a matter of law." *Id.*

We cannot determine from the present record whether there was a plea agreement, and if there was a plea agreement, whether the State breached the agreement by failing to make a sentencing recommendation in accordance with the agreement. *See State v. Bearse*, 748 N.W.2d 211, 215-16 (Iowa 2008) (noting a "fundamental component of plea bargaining is the prosecutor's obligation to comply with a promise to make a sentencing recommendation"). Furthermore, the record is not adequate to determine whether Canaday was misadvised by defense counsel prior to entering a guilty plea. We determine Canaday's claims of ineffective assistance of counsel must be preserved for possible postconviction proceedings.

We affirm Canaday's conviction and sentence.

**AFFIRMED.**