# IN THE COURT OF APPEALS OF IOWA

No. 15-0653
Filed July 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARIAH MAE WOLFE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Mary Jane Sokolovske, Judge.

        Mariah Wolfe appeals the district court's revocation of her probation. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

        Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Mariah Wolfe appeals the district court's revocation of her probation, claiming the district court abused its discretion. Wolfe also claims the district court erred in sentencing her to prison despite her mental illness and substantial compliance with the terms of probation. Finally, Wolfe claims the district court erred in failing to reduce the civil penalty initially ordered by the amount of her suspended fine in accordance with Iowa Code section 908.11(5) (2013). We affirm the district court's revocation of Wolfe's probation and subsequent imposition of a prison sentence. We vacate and remand the civil penalty and fine portions of her sentence.

## I.     Background Facts and Proceedings

On April 12, 2013, Wolfe was charged with burglary in the third degree and theft in the second degree. On May 7, pursuant to a plea agreement, Wolfe pleaded guilty to burglary in the third degree, in violation of Iowa Code sections 713.1 and 713.6A. The district court accepted Wolfe's guilty plea, granted her request for a deferred judgment, and placed her on probation for a term of three years.

The State filed an application to revoke Wolfe's probation on January 15, 2015. A hearing was held on April 6 and April 9. Wolfe admitted to various violations of her probation including, but not limited to, repeated consumption of controlled substances, failure to comply with the terms of drug court, failure to maintain employment, failure to follow through with mental health treatment, driving while suspended, and missing appointments with her probation officer.

The district court found Wolfe violated the terms of her probation and revoked her deferred judgment and probation. The district court sentenced Wolfe to an indeterminate term of incarceration not to exceed five years and imposed a suspended fine of $750.

## II. Standard of Review

Our review of a sentence imposed in a criminal case is for correction of errors at law. Iowa R. App. P. 6.907; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "The decision of the district court to impose a particular sentence within the statutory limit is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Formaro*, 638 N.W.2d at 724. An abuse of discretion will not be found unless we are able to discern the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995).

## III. Analysis

### A. Error Preservation

The State claims Wolfe has not preserved error on any claim concerning whether the State proved she violated the terms of her probation and deferred judgment, nor whether Wolfe's mental illness negated her culpability for her subsequent probation violations.

"If the court's ruling indicates that the court considered the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) (citation omitted). "The claim or issue raised does not actually need to be

used as the basis for the decision to be preserved, but the record must at least reveal the court was aware of the claim or issue and litigated it." *Id.*

At the probation revocation hearing, after admitting to violating her probation, Wolfe asked for an alternate sentence in light of her mental health problems—continuing probation or placement in a treatment facility. Wolfe's mental illness was raised and considered, and as a result, error was preserved. *See State v. Pickett*, 671 N.W.2d 866, 869 (Iowa 2003).

**B.      Revocation and Sentence**

Wolfe claims the district court abused its discretion by failing to consider her mental illness and substantial compliance with her probation when revoking her probation and imposing a prison sentence.

At the revocation hearing, Wolfe provided testimony regarding her mental health and the course of proceedings throughout her probation. The district court determined all viable alternatives had been exhausted and incarceration was the most appropriate sentence.

In addressing probation violations, the sentencing court has four options, including continuing the probation or revoking "the probation . . . and requir[ing] the defendant to serve the sentence imposed or any lesser sentence, and, if imposition of sentence was deferred, . . . impos[ing] any sentence which might originally have been imposed." Iowa Code § 908.11(4). The court must examine "all pertinent information" to determine an appropriate sentence that will provide the best opportunity for rehabilitation of the defendant and protection of the community. *Id.* § 901.5; *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). Considerations may include, but are not limited to, prior convictions, mental

health, substance abuse history, and the nature of the offense committed. Iowa Code § 907.5(1)(a)–(g).

After consideration, we find, as the district court found, Wolfe has repeatedly violated the terms of her probation and she lacks the will to conform her behavior to the requirements of probation in the future. Wolfe's mental illness and temporary compliance with the terms of her probation are insufficient to overcome the harm Wolfe caused, and would continue to cause, to herself and others. We find no abuse of discretion in the court's reasoning and affirm the district court's revocation of Wolfe's probation and subsequent prison sentence.

### C.    Civil Penalty

Wolfe claims, and the State concedes, the district court erred in assessing a $750 civil penalty without reducing it by the amount of the fine imposed when judgment was imposed. Wolfe claims, because the district court waived the $750 penalty when it granted her a deferred judgment, the penalty should be reduced to zero. The State acknowledges the district court imposed an illegal sentence when it waived the civil penalty upon granting a deferred judgment in 2013.

Iowa Code section 902.9(e) requires class "D" felons to be "sentenced to a fine of at least seven hundred fifty dollars but not more than seven thousand five hundred dollars." "If the court revokes the probation of a defendant who received a deferred judgment and imposes a fine, the court shall reduce the amount of the fine by an amount equal to the amount of the civil penalty previously assessed against the defendant." *Id.* § 908.11(5). Finding no authority allowing the waiver of this civil penalty, we conclude the district court must determine the amount of

the civil penalty imposed upon the initial grant of the deferred judgment.[1] Following determination of the amount, the district court must reduce the imposed penalty pursuant to Iowa Code section 908.11(5).

## IV.    Conclusion

We affirm the district court's revocation of Wolfe's probation and imposition of a prison sentence. We vacate the imposition and suspension of the civil penalty and remand to the district court for a hearing to determine the amount of the civil penalty. *See, e.g., State v. Buchanan*, No. 13-1999, 2015 WL 162028, at *3 (Iowa Ct. App. Jan. 24, 2015) (vacating the void portion of a sentence and remanding for resentencing).

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[1] *See, e.g., State v. Nail*, 743 N.W.2d 535, 541–44 (Iowa 2007) (allowing suspension of civil penalty); *State v. Williams*, No. 12-2178, 2013 WL 3872931, at *2, (Iowa Ct. App. July 14, 2013) (declining to find "suspension" of fine was the equivalent to "waiver"); *State v. Blagg*, No. 06-0794, 2008 WL 375245, at *2 (Iowa Ct. App. Feb. 13, 2008) (finding the district court has discretion to suspend a civil penalty).