# IN THE SUPREME COURT OF IOWA

No. 13–1103

Filed March 6, 2015

**STATE OF IOWA,**

Appellee,

vs.

**SHAUNTA ROSE HOPKINS,**

Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Glenn E. Pille, Judge.

A criminal defendant challenges the judgment and sentence entered at a resentencing hearing, claiming abuse of discretion by the district court and ineffective assistance of counsel. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Brianna Shriver, Student Legal Intern, John P. Sarcone, County Attorney, and Stephanie L. Cox, Assistant County Attorney, for appellee.

**CADY, Chief Justice.**

In this appeal from a resentencing for numerous drug convictions following the reversal of one conviction in a prior appeal, we consider claims of abuse of discretion by the sentencing court and ineffective assistance of trial counsel for failure to object to the use of the original presentence investigation report in resentencing. On our review, we affirm the sentence of the district court.

## I. Background Facts and Proceedings.

Shaunta Hopkins and her boyfriend, along with four other individuals, were arrested following a multiple-location drug raid by the Des Moines Police Department. The State charged Hopkins with assorted drug offenses. Her case proceeded to trial with one other codefendant in October 2011. Following a jury trial, Hopkins was found guilty of six crimes: conspiracy to deliver a controlled substance (crack cocaine), a class "B" felony under Iowa Code section 124.401(1)(*b*)(3) (2011); possession of a controlled substance (crack cocaine), a class "C" felony under section 124.401(1)(*c*)(3); conspiracy to deliver a simulated controlled substance (ecstasy), a class "C" felony under section 124.401(1)(*c*)(8); possession of a controlled substance with intent to deliver (ecstasy), a class "C" felony under section 124.401(1)(*c*)(8); failure to possess a tax stamp, a class "D" felony under sections 453B.3 and 453B.12; and possession of a controlled substance (marijuana), a serious misdemeanor under section 124.401(5). The jury found Hopkins's codefendant not guilty on all charges.

At the sentencing hearing, the court reviewed a presentence investigation (PSI) report, which included information on her educational and employment history, criminal history, family support, history of substance abuse and relationships, and a sentencing recommendation.

Hopkins was twenty-three years of age. The court sentenced Hopkins to serve one twenty-five-year sentence with a one-third mandatory minimum, two ten-year sentences with one-third mandatory minimums, two five-year sentences, and a six-month sentence. All six sentences were ordered to run concurrently. Hopkins appealed and began serving her sentence of incarceration.

During her imprisonment, Hopkins completed various classes, earned her high school diploma, and earned a career readiness certificate. Hopkins also entered a treatment program for substance abuse. She was employed in the prison kitchen and laundry room and supervised other inmates in solitary confinement.

On November 15, 2012, the court of appeals reversed Hopkins's conviction and sentence for the class "C" felony, conspiracy to deliver a controlled substance (ecstasy) in violation of section 124.401(1)(*c*)(8). All other convictions were affirmed. *State v. Hopkins*, No. 11–2083, 2012 WL 5537213, at *3 (Iowa Ct. App. Nov. 15, 2012).

Following the appeal, Hopkins sought and eventually received a resentencing hearing before the district court on the five convictions that were not reversed. At the hearing, the State and Hopkins informed the court they had reviewed the PSI report from the December 2011 sentencing hearing and did not know of any corrections or deletions to be made. A new PSI report was not prepared. Instead, Hopkins supplemented the old PSI report by submitting documents and evidence at the sentencing hearing, including the classes she had taken, her rehabilitative efforts while in prison, and the support system that would be in place should she be released into the community. The State requested the court impose the same sentence as originally imposed for

the five convictions that were not reversed on appeal. Hopkins requested a deferred judgment or a suspended sentence on all convictions.

The district court imposed five concurrent sentences: one twenty-five-year sentence, two ten-year sentences, one five-year sentence, and one six-month sentence, with one-third mandatory minimums for the three longer sentences. The only difference between the new sentence and the original sentence was that the district court did not impose one of the five-year sentences as a result of the court of appeals' reversal of the single conviction. The new sentence otherwise was the same as the original sentence.

Hopkins appealed. She claims the district court abused its discretion in imposing the same sentences of incarceration for the five convictions. She also claims her attorney rendered ineffective assistance of counsel by failing to object to the use of her original PSI report for the resentencing. The court of appeals affirmed the new sentence. We granted further review.

## II. Standard of Review.

We review sentencing decisions for abuse of discretion or defect in the sentencing procedure. *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006). We give sentencing decisions by a trial court a strong presumption in their favor. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995).

Due to their constitutional implications, we review ineffective-assistance-of-counsel claims de novo. *State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013). Counsel is presumed to have acted competently. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

### III. Analysis.

When one of several convictions are reversed on appeal, the judgment and sentence for the conviction that was reversed can be severed and the remaining sentence for the convictions that were not reversed can stand or the case can be remanded for resentencing. *See State v. Keutla*, 798 N.W.2d 731, 735 (Iowa 2011) ("Generally, in criminal cases, where an improper or illegal sentence is severable from the valid portion of the sentence, we may vacate the invalid part without disturbing the rest of the sentence. We are not, however, required to do so and may remand for resentencing." (Citation omitted.)). In this case, the court of appeals did not direct a specific outcome, and the parties sought resentencing on the remaining convictions before the district court without objection. Accordingly, we proceed to address the claims of error based on the new sentence imposed for the five convictions not disturbed on appeal.

**A. Abuse of Discretion.** When a sentence imposed by a district court falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors. *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). "To overcome the presumption [of validity], we have required an affirmative showing the sentencing court relied on improper evidence." *Id.* On our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable. *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) ("[Judicial decisions] deal in differing shades of gray, and discretion is needed to give the necessary latitude to the decision-making process. This inherent latitude in the process properly limits our review.").

Hopkins claims the district court failed to properly consider her age, her rehabilitation while incarcerated, and the impact of the dismissed charge on her culpability, while placing undue weight on the nature of her convictions.[1] We have said that the relevant factors when imposing sentence include " 'the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of [the defendant's] reform.' " *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (quoting *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979)). The legislature has also specified factors including:

> *a.* The age of the defendant.
>
> *b.* The defendant's prior record of convictions and prior record of deferments of judgment if any.
>
> *c.* The defendant's employment circumstances.
>
> *d.* The defendant's family circumstances.
>
> *e.* The defendant's mental health and substance abuse history and treatment options available in the community and the correctional system.
>
> *f.* The nature of the offense committed.
>
> *g.* Such other factors as are appropriate.

---

[1]In particular, Hopkins emphasizes that her age, twenty-four at the time of resentencing, means she had not finished developing mentally or emotionally and points to a federal sentencing case to support the consideration of rehabilitation in resentencing. *See Pepper v. United States*, 562 U.S. 476, ___, 131 S. Ct. 1229, 1236, 179 L. Ed. 2d 196, 208 (2011). While age is a sentencing factor, we have limited our age-based diminished culpability cases to juveniles. *See State v. Lyle*, 854 N.W.2d 378, 403 (Iowa 2014) ("Furthermore, our holding today has no application to sentencing laws affecting adult offenders."). As for consideration of rehabilitation in sentencing, Hopkins's sentence is distinct from the sentencing in *Pepper* because (1) the federal sentencing guidelines, a highly individualized sentencing scheme of ranges, downward variances, and enhancements, were used to establish the defendant's sentence; (2) Pepper had served his period of incarceration, been released from prison, and had since built a life in the community; and (3) the U.S. Supreme Court simply *permitted* Pepper's postsentence rehabilitation to be considered as a factor in applying a downward variance within the federal sentencing guidelines during resentencing. *Pepper*, 562 U.S. at ___, 131 S. Ct. at 1236, 1238, 1249, 179 L. Ed. 2d at 208, 210, 222–23.

Iowa Code § 907.5(1) (2013). Postconviction rehabilitation efforts are included among the other appropriate factors under section 907.5(1)(*g*) for courts to consider in imposing sentence. *See id.* § 907.5(1)(*g*). Rehabilitation is a fundamental goal of sentencing. *See Formaro*, 638 N.W.2d. at 724. Thus, it is proper to consider at resentencing a change in circumstances that occurs between the time of the original sentence and the time of the resentencing. These circumstances not only include all the circumstances supporting rehabilitation, but also a reduction of the number of convictions associated with the resentencing. *See State v. Harrington*, 805 N.W.2d 391, 394–96 (Iowa 2011) (explaining and adopting an aggregate approach to sentencing that encourages a consideration of changed circumstances on resentencing). Although circumstances relating to rehabilitation tend to mitigate punishments, rehabilitation efforts remain only one of many relevant factors to consider at resentencing. *See, e.g., State v. Ragland*, 836 N.W.2d 107, 121 (Iowa 2013) (adopting the U.S. Supreme Court requirement from *Graham v. Florida*, 560 U.S. 48, 75, 130 S. Ct. 2011, 2030, 176 L. Ed. 2d 825, 845–46 (2010), that " 'demonstrated maturity and rehabilitation' " be considered in juvenile resentencing hearings). Resentencing following an appeal does not necessarily require a different sentence for those convictions not reversed on appeal. The new circumstances are important, but not dispositive.

When considering whether a court abuses its discretion by imposing a sentence of incarceration, we recognize the nature of the offense alone is not determinative. *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982). On the other hand, the seriousness and gravity of the offense is an important factor. *State v. Pappas*, 337 N.W.2d 490, 495 (Iowa 1983). In the end, a court makes each sentencing decision on an

individual basis and seeks to fit the particular person affected. *State v. McKeever*, 276 N.W.2d 385, 387 (Iowa 1979).

At the resentencing hearing in this case, the court acknowledged the case only dealt with five convictions, not six. Thus, contrary to Hopkins's claim, the court necessarily considered her claim at resentencing that she was less culpable. The court also acknowledged Hopkins's "virtually nonexistent" criminal history. The court further acknowledged her educational history and applauded the positive changes she had made while incarcerated since her first sentencing. The court then went on to express concerns over both the nature and the multiplicity of her offenses. While her criminal conduct no longer included conspiring to deliver ecstasy, Hopkins's criminal drug activity otherwise remained unchanged. Based on all the circumstances existing at the time, the court then "impose[d] the same sentence" as the initial sentencing court with the exception of the sentence for the dismissed count. The sentencing order of the court stated:

> Granting probation in this matter is denied because probation would not provide reasonable protection of the public and maximum opportunity for rehabilitation of defendant. The Court has further considered the age of the defendant, as well as defendant's prior criminal record, and that probation would lessen the seriousness of the offense.

Overall, we cannot conclude the district court abused its discretion at resentencing. The evidence of Hopkins's rehabilitation was not so overwhelming as to render the imposition of the statutory sentence untenable or clearly unreasonable. Specifically, the court did not rely only on the nature of the crimes in determining sentence, but considered all the evidence presented. We find the sentencing court did not abuse its discretion in imposing the sentence.

**B. Ineffective Assistance of Counsel.** Generally, we do not address claims of effectiveness of counsel on direct appeal. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) ("This case illustrates why we rarely address ineffective-assistance claims on direct appeal and instead preserve such claims for postconviction relief."). We will consider the merits of an ineffective-assistance claim on direct appeal only if the record is adequate to decide the issue. *State v. Doggett*, 687 N.W.2d 97, 100 (Iowa 2004). Normally, cases involving issues of trial strategy and tactical decisions require postconviction proceedings to develop the record adequately. *Cf. Ondayog*, 722 N.W.2d at 787 (providing an opportunity for counsel to testify to explain his actions).

Hopkins claims her counsel was ineffective for failing to object to the court's use of the PSI report that was created for her initial sentencing hearing eighteen months earlier at the resentencing hearing. She argues the eighteen months that passed between the two sentencing hearings rendered the PSI report outdated and prevented relevant information from being considered by the author of the report. This information concerned courses she took while in prison, the high school diploma she earned, and the career training she completed. Although Hopkins's counsel submitted this evidence to the court at the resentencing hearing and urged the court to consider it in mitigation of punishment, Hopkins believes it would have resulted in a recommendation of probation if a new PSI report had been prepared.

To prevail on an ineffective-assistance claim, Hopkins must prove both a failure of essential duty by her counsel and resulting prejudice to her. *State v. Fountain*, 786 N.W.2d 260, 265–66 (Iowa 2010). Both the failure and the prejudice must be proven by a preponderance of the evidence. *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013).

There is no statutory requirement for a district court to order a new PSI report on resentencing. *See* Iowa Code § 901.2 (limiting an order for a PSI report "[u]pon a plea of guilty, a verdict of guilty, or a special verdict"). At the same time, there is no statutory prohibition against ordering an updated PSI report. Moreover, an updated PSI report may be a useful tool for resentencing, and the decision whether to update the PSI report would rest in the sound discretion of the court. Yet, we recognize that the decision by defense counsel to request a new report for resentencing may be tactical.

The PSI report not only includes relevant information concerning sentencing, but a sentencing recommendation. *See* Iowa Code §§ 901.2– .3 (describing the purpose and requirements of PSI reports). Thus, the defendant might benefit from an updated report if it included a resentencing recommendation favorable to the defendant. However, the defendant might not benefit from an updated report if it included an unfavorable recommendation. The tactical decision rests primarily on the ability to predict whether an updated report might be helpful. As this case illustrates, defense counsel can otherwise present the new sentencing information independent of updating the PSI report. Yet the tactical decision to request an updated report would at least require an assessment of the value or detriment of the update. Thus, defense counsel would have a duty to make an assessment. On this record, it is unknown if this assessment occurred.

If the absence of a request to update the PSI report was a tactical decision or strategy, the record needs further development to show whether such strategy was reasonable under prevailing professional norms for the first prong of our ineffective-assistance claim analysis. *See* *State v. Clay*, 824 N.W.2d 488, 501 (Iowa 2012). Even should Hopkins

establish a failure of duty by her counsel, she still must show that " 'the outcome of the [sentencing] proceeding would have been different' " had the error not occurred. *State v. Fannon*, 799 N.W.2d 515, 523 (Iowa 2011) (alteration in original) (quoting *State v. Horness*, 600 N.W.2d 294, 300–01 (Iowa 1999)).

Consequently, we do not believe the record is adequate to determine if trial counsel rendered ineffective assistance by failing to request an updated PSI report. Additionally, the record is not adequate to determine if the absence of an updated PSI report was prejudicial. Although a sentencing court is not bound to follow a sentencing recommendation by a department of correctional services officer, the recommendation is a factor that could influence the sentencing decision. *See State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977) (finding a recommendation in a PSI report is not binding on the court).

### IV.  Conclusion.

We conclude the district court did not abuse its discretion in imposing sentence. We decline to address the claim of ineffective assistance of counsel on direct appeal. Accordingly, we affirm the sentence of the district court.

**AFFIRMED.**