# IN THE COURT OF APPEALS OF IOWA

No. 15-1349
Filed March 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ADAM SCOTT HILLS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Stuart P. Werling, Judge.

Adam Scott Hills appeals his sentence after pleading guilty to one count of lascivious acts with a child. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Adam Scott Hills appeals the sentence imposed after he pled guilty to one count of lascivious acts with a child. He contends the sentencing court abused its discretion in sentencing him to a term of not more than ten years in prison. Because the sentence was not imposed on untenable grounds and is not clearly unreasonable, we affirm. *See State v. Hopkins*, 860 N.W.2d 550, 553-54 (Iowa 2015) (noting a sentence imposed within statutory parameters will only be overturned for an abuse of discretion, which occurs when the court acts on clearly untenable grounds or its action is clearly unreasonable).

Hills pled guilty to lascivious acts with a child after putting his hand down the pants of a five-year-old child, who was sitting on his lap while other children were sleeping in the room. Hills, who has an IQ of 76 and is deemed "borderline mentally retarded," was twenty years old at the time. Although Hills denied "doing anything" to the child and attempted to conceal the act with a blanket, he was caught in the act when the blanket was removed. Hills initially told investigators he could not remember if he had his hand in the child's pants. He later stated his hand "might have been" in the child's pants but was "probably" just on the child's underwear.

A presentence investigation (PSI) was ordered. The PSI investigator conducted an assessment to "estimate the probability of victimization, violent recidivism, and criminogenic needs." Although Hills scored a "Low Normal risk of violence and a Low Normal risk of continued victimization," the investigator recommended incarceration, noting it was "not clear" if Hills understood his crime or the seriousness of it. The PSI report states: "Based on the nature of the

charge, the age of the victim, and not being able to assess the client's accountability, incarceration is seen as the only option in this case."

At the sentencing hearing, the State asked the court to follow the recommendation in the PSI report and sentence Hills to a prison term. The sentencing court agreed, stating:

> It's true that [Hills] is youthful and that weighs in his favor. It's also true that he has an almost non-existent prior criminal history. However, the seriousness of this offense can't be overlooked. [Hills]'s apparent lack of understanding of the seriousness of the offense gives the court concern that the need to protect the public from further illegal conduct is perhaps the most important factor that is presented by this particular situation[.] [B]ased on [Hills]'s propensity, ability for reform, his penal needs, his educational needs, and particularly considering the need for protection of the public, the court is convinced that incarceration is the appropriate result in the matter.

"In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Other factors that contribute to the sentencing decision include "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Id.* at 724-25. In determining whether the court abused its discretion, we do not consider what sentence this court would have imposed, but rather, we determine whether the sentence imposed was unreasonable. *See Hopkins*, 860 N.W.2d at 554. The sentence imposed by the district court enjoys a strong presumption in its favor. *Id.* at 553.

Hills argues his sentence is unreasonable. He asserts his "failure to appreciate the seriousness of his offense can be explained by his intellectual

disability as well as his social and emotional underdevelopment." Given his young age, lack of prior record, and low risk to reoffend, Hills argues he should be afforded a chance at rehabilitation outside the prison setting. He asks this court to vacate his sentence and remand so he may be granted a suspended sentence and placed on probation.

The sentence imposed by the district court is not unreasonable under the facts of this case. Regardless of the reason that Hills is unable to appreciate the seriousness of his crime, the risk it poses to the community remains. It is clear Hills understood he was doing something wrong given his attempt to conceal his act and his denials when asked about it. Yet he was still willing to engage in this conduct in the presence of others who were asleep. The record discloses that the district court appropriately weighed factors relating to Hills's chance of reform and the risk he presented to the community. Although the court may have acted reasonably by imposing a different sentence, that does not render the sentence imposed here unreasonable. *See Formaro*, 638 N.W.2d at 725 (noting that applying the goals of sentencing to the factors of an individual case will not always lead to the same sentence, and the choice of one particular sentencing option over another does not constitute error). Because the court acted within its discretion in sentencing Hills to a term of not more than ten years in prison, we affirm.

**AFFIRMED.**