# IN THE COURT OF APPEALS OF IOWA

No. 15-1354
Filed May 25, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARK ANTHONY JOHNSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.


        Mark Anthony Johnson appeals his sentence, alleging the district court abused its discretion in sentencing him to incarceration rather than probation. **AFFIRMED.**


        Raya D. Dimitrova of Carr & Wright, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Kevin R. Cmelik and Alexandra Link (until withdrawal), Assistant Attorneys General, for appellee.


        Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Mark Anthony Johnson appeals his sentence, alleging the district court abused its discretion in sentencing him to incarceration rather than probation. We affirm.

After his conviction for assault with intent to commit sexual abuse on August 27, 2003, Johnson was required to register as a sex offender. In 2006, 2009, and 2014, Johnson was convicted of failing to comply with the registration requirement. On October 20, 2014, Johnson registered his address as required. On December 5, 2014, Johnson moved into his sister's apartment—a different apartment in the same apartment complex. Following this move, Johnson failed to timely update the move from one apartment to the other and failed to register his nieces and nephews as residents of the apartment, listing only his sister. Johnson contends he did not know this was a requirement. This was Johnson's fourth failure to comply with the registry.

On June 24, 2015, Johnson pled guilty to one count of failure to comply with the sex offender registry, second offense, a Class "D" felony.[1] The presentence investigation report recommended a suspended sentence and term of probation. At sentencing, the State also recommended a suspended sentence. The district court sentenced Johnson to a term of incarceration not to exceed five years. Johnson appealed.

"We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015).

---

[1] At the plea hearing, Johnson was informed by the court that the court was not bound by Johnson's plea agreement with the State.

"An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006)). "We give sentencing decisions by a trial court a strong presumption in their favor." *Id.* When, as here, the sentence given falls within statutory parameters, "we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *Id.* at 554. "To overcome the presumption [of validity], we have required an affirmative showing the sentencing court relied on improper evidence." *Id.* (alteration in original) (citation omitted). Relevant factors to consider when imposing a sentence include: "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of [the defendant's] reform." *Id.* (alteration in original) (citation omitted). Additional factors include "[t]he defendant's prior record of convictions and prior record of deferments of judgment," "[t]he defendant's employment circumstances," "[t]he defendant's family circumstances," "[t]he defendant's mental health and substance abuse history and treatment options available in the community and the correctional system," "[t]he nature of the offense committed," and "[s]uch other factors as are appropriate." Iowa Code § 907.5(1) (2015).

At sentencing, the district court indicated it had read and reviewed the presentencing report and stated:

> The difficulty here, Mr. Johnson, is this is the fourth time we've been through this. And at some point in time, it simply has to be clear to you that these registration requirements are extremely important.
> I have seen enough of these now to understand it is very difficult to find housing, very difficult to find housing because of this. But we've been through this now quite a few times, and it should be

clear to you at this point that there simply isn't room for error anymore.

And I must say that you are correct that the bulk of your criminal activity began to decrease in the mid-2000s, 2005 or '06 or thereabouts. But it's very difficult to explain to the public—you're done with your allocution. It's very difficult to explain to the public how a person can make this mistake and get probation and then make the same mistake again and get probation and then make the mistake a third time and get probation and then make a mistake the fourth time and get probation. I simply can't justify that in terms of the protection of the public. And there has to be something done to impress upon you how serious it is to comply with this registration.

I know how difficult it is, but you're the guy that has to be responsible. And so for that reason, you're adjudged guilty of failure to comply with the Sex Offender Registry, second or subsequent offense in this case. It's actually the fourth time. And you're sentenced to serve a term of not more than five years.

The sentencing order, dated August 4, 2015, indicated the district court had considered Johnson's age, prior record of convictions and deferments of judgment, the nature of the offense committed, the plea agreement, and the statutory sentencing requirements. By nunc pro tunc order dated August 11, 2015, in which the district court denied probation, the district court further explained "probation is denied because probation would not provide maximum opportunity for rehabilitation of the defendant and protection of the public from further offenses."

Johnson does not argue the court considered improper factors. Instead, Johnson argues the court incorrectly weighed the factors, failed to give sufficient consideration to certain mitigating factors—such as the nonviolent nature of the offense and the fact Johnson took responsibility by pleading guilty—and failed to give specific reasons for its decision. That Johnson would have the court grant greater weight to other factors does not constitute an abuse of discretion. The district court considered numerous factors and explained the reasons for the

sentence imposed.  *See State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000) (noting "the reasons need not be detailed" but the district court must provide "at least a cursory explanation . . . to allow appellate review of the trial court's discretionary action").  On our review, we conclude the sentence imposed by the district court was not an abuse of discretion.

**AFFIRMED.**