**IN THE COURT OF APPEALS OF IOWA**

No. 16-0920
Filed December 21, 2016

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**ZACHARY ALDEMAN,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Zachary Aldeman appeals his sentence following his guilty plea to burglary in the third degree and theft in the second degree, both as an habitual offender. **AFFIRMED.**

Les M. Blair III of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Zachary Aldeman appeals his sentence following his guilty plea to burglary in the third degree and theft in the second degree, both as an habitual offender. The court imposed a fifteen-year sentence for each count with the sentences to run concurrent. "We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006)). "We give sentencing decisions by a trial court a strong presumption in their favor." *Id*.

Aldeman claims the district court should have suspended his sentence and placed him on probation with conditions to reside in a halfway house. Aldeman claims this would have better supported the goal of rehabilitation while protecting the public, allowing him to maintain his employment, and enabling him to support his family.

When, as here, the sentence given "falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *Id.* at 554. "To overcome the presumption [of validity], we have required an affirmative showing the sentencing court relied on improper evidence." *Id.* (alteration in original) (citation omitted). Aldeman does not claim the district court relied on inappropriate factors or improper evidence. "On our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *Id.* The district court considered the appropriate rehabilitative plan, the need to protect the public, the seriousness of

Aldeman's crime, the effect of his crimes on the community, Aldeman's willingness to change, and what is available in the community to assist Aldeman to change. The district court also reviewed the presentence investigation report. In reaching its sentence, the district court acknowledged Aldeman is young but also noted Aldeman's lengthy criminal history and the need for deterrence. The district concluded there were no community resources available that would assist Aldeman or protect the community and incarceration was appropriate. We cannot find the district court abused its discretion and affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(a) and (e).

**AFFIRMED.**