# IN THE COURT OF APPEALS OF IOWA

No. 16-0241
Filed December 21, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DACURIOUS TERRELL BURKETT,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

Dacurious Burkett appeals his conviction and sentence following his guilty plea to robbery in the first degree and burglary in the first degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin R. Cmelik and Elisabeth S. Reynoldson, Assistant Attorneys General, for appellee.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Dacurious Burkett[1] appeals his conviction and sentence following his guilty plea to robbery in the first degree, a class "B" felony, in violation of Iowa Code sections 711.1 and .2 (2013), and burglary in the first degree, also a class "B" felony, in violation of sections 713.1 and .3. Following a hearing, the district court sentenced Burkett to two indeterminate terms of imprisonment not to exceed twenty-five years on each offense, to run concurrently, with no mandatory minimums, and ordered Burkett to pay a surcharge, court costs, and restitution.

On appeal, Burkett claims the district court abused its discretion in sentencing him to prison because (1) the court did not properly consider the factors for sentencing juveniles set forth in *State v. Lyle*, 854 N.W.2d 378, 402 n.8 (Iowa 2014), and (2) the court initially acted with hostility toward his attorney, which ultimately caused Burkett to forego presentation of evidence in mitigation of sentencing.

"We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006)). "We give sentencing decisions by a trial court a strong presumption in their favor." *Id.*

---

[1] We note the record and briefs are in conflict as to the correct spelling of the defendant's first name. In his brief, Burkett acknowledges his name has been spelled incorrectly in both the district court and the appellate court proceedings, and he informed the court of the correct spelling at the sentencing hearing. We use the spelling he provided at the sentencing hearing in our opinion.

The record shows the district court considered the factors set forth in *Lyle* in determining what sentence to impose[2] and asked Burkett and his attorney whether he wanted to present testimony from members of his family in mitigation of punishment.[3] Burkett declined. The court then insisted Burkett discuss it with his attorney and recessed the proceeding. When the proceeding resumed, Burkett again declined to call any witnesses. Subsequently, Burkett personally, and through his attorney, made statements in mitigation of punishment. On this record, we cannot find the district court abused its discretion and affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(a) and (e).

**AFFIRMED.**

---

[2] The district court did not decide whether it was required to consider the *Lyle* factors in this case, but nevertheless considered the factors anyway. We do not determine whether the holdings of *Lyle* and subsequent juvenile sentencing cases apply to this case.

[3] Iowa Rule of Criminal Procedure 2.23(3)(d) provides a defendant "shall be allowed to address the court . . . to make a statement in mitigation of punishment."