# IN THE COURT OF APPEALS OF IOWA

No. 16-1427
Filed March 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KOREY RANDALL ROSS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Joel W. Barrows,

Judge.


        Korey Randall Ross appeals the sentence imposed by the district court

following his guilty plea to possession of a firearm by a felon as a habitual

offender.  **AFFIRMED.**



        Sharon D. Hallstoos, Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant

Attorney General, for appellee.



        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

Korey Randall Ross appeals the sentence imposed by the district court following his guilty plea to possession of a firearm by a felon as a habitual offender. "We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006)). "We give sentencing decisions by a trial court a strong presumption in their favor." *Id.* When, as here, the sentence given "falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *Id.* at 554. "To overcome the presumption [of validity], we have required an affirmative showing the sentencing court relied on improper evidence." *Id.* (alteration in original) (citation omitted).

Ross first argues the presentence investigation (PSI) report impermissibly contained, and thus the district court impermissibly considered, dismissed weapons charges and a victim-impact statement relating to a charge that was dismissed as part of the plea agreement. The record reflects the district court read and considered the PSI report and recommendation submitted prior to sentencing. At the sentencing hearing, Ross's attorney stated:

> First of all, [Ross] had some comments on the criminal record portion. I assured him that you do not take into account anything that's been dismissed. And if you look carefully I put lines through them when they're dismissed. He really hasn't been charged or found guilty or pled guilty to very many charges.

The district court confirmed, "the Court does not consider any criminal history in the PSI that did not result in a conviction or an adjudication of delinquency and I have reviewed the PSI carefully." As to the victim-impact statement regarding a charge dismissed as part of the plea, the district court specifically informed Ross's counsel, "[Ross is] here based on a plea of possession of a firearm by a felon. That's the only charge I'm considering. I'm considering what's in the PSI . . . and what I hear here today and that's it." The district court reiterated, "I'm not considering what his original charge was. Period. That's inappropriate. I am not doing that." *See State v. Formaro*, 638 N.W.2d 720, 725-26 (Iowa 2002). The record does not reflect that the district court relied upon any improper evidence in reaching its sentence determination.[1]

Ross next argues the district court abused its discretion by basing its sentence on Ross's "numerous failures on supervision." The district court stated:

> But as I assess this case with what I've heard today and what I read in the PSI and when I see your criminal history right now this is just not a case that's a probation case. It just isn't. I can't ignore your criminal history. What's even more troubling to me right now I think are your numerous failures on supervision including some pretty significant failures on supervision. So for those reasons and because of the recommendation of the PSI author, my sentence is going to be as follows . . . .

Ross admits he has two prior convictions for probation violations; thus, he does not contest the court's consideration of this fact. Instead, Ross alleges the district court abused its discretion when using it as the "sole factor" for his

[1] The district court indicated it had considered the PSI sentencing recommendation in reaching the sentence imposed—a recommendation that presumably took into account the information impermissibly contained in the PSI report. However, the district court clearly indicated it did not consider this impermissible information, which the district court was clearly cognizant of when considering the PSI sentencing recommendation.

sentence. Contrary to Ross's assertion, his probation violations were not the "sole factor" considered by the district court in determining his sentence. Relevant factors to consider when imposing a sentence include: "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of [the defendant's] reform." *Hopkins*, 860 N.W.2d at 554 (alteration in original) (citation omitted). Additional factors include "[t]he defendant's prior record of convictions and prior record of deferments of judgment," "[t]he defendant's employment circumstances," "[t]he defendant's family circumstances," "[t]he defendant's mental health and substance abuse history and treatment options available in the community and the correctional system," "[t]he nature of the offense committed," and "[s]uch other factors as are appropriate." Iowa Code § 907.5(1) (2015).

The district court stated on the record it had read a letter submitted by Ross, read a letter submitted on Ross's behalf from a program coordinator regarding the programs Ross had taken, and viewed certificates regarding the programs Ross had completed. Before sentencing Ross, the district court heard both from Ross and his attorney and indicated it "appreciate[d] the comments" Ross had made. The district court also based its sentence on the permissible information contained in the PSI report and Ross's criminal history. The district court considered numerous factors and explained the reasons for the sentence imposed. *See State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000) (noting "the reasons need not be detailed" but the district court must provide "at least a cursory explanation . . . to allow appellate review of the trial court's discretionary

action").  On our review, we conclude the sentence imposed by the district court was not an abuse of discretion.

**AFFIRMED.**