# IN THE COURT OF APPEALS OF IOWA

No. 16-1621
Filed May 17, 2017

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**RAY ALEXANDER SANGSTER,**
          Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

Ray Alexander Sangster appeals his sentence for the charge of leaving the scene of an accident resulting in death.  **AFFIRMED IN PART AND VACATED IN PART.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Ray Alexander Sangster appeals his sentence for the charge of leaving the scene of an accident resulting in death, claiming the district court abused its discretion in imposing sentence. *See* Iowa Code § 321.261 (2016). "We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). When, as here, the sentence given "falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *Id.* at 554. "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* at 553 (quoting *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006)). "We give sentencing decisions by a trial court a strong presumption in their favor." *Id.*

Here, the district court sentenced Sangster to a term of imprisonment for no more than five years. In imposing this sentence, the court considered Sangster's relatively young age, his lack of criminal history, his lack of substance-abuse history, and his excellent employment circumstances. The court also considered the nature of the offense, the presentence investigation report recommending incarceration, the need to protect the community, and the nature and circumstances of the offense. Before making its decision, the court heard victim impact statements from the victim's mother, the victim's girlfriend and mother of his children, the victim's father, and the victim's sister. The court also heard the State's recommendation of incarceration. The court explicitly considered the options available: deferred judgment, probation, and incarceration. However, the court concluded, based at least in part on the

severity of the offense and the way Sangster handled the incident demonstrating a lack of responsibility, a five-year sentence of incarceration was warranted to protect the community and provide Sangster the maximum opportunity for rehabilitation. Under these circumstances, we cannot find the district court abused its discretion in imposing sentence.

Sangster also appeals the district court's imposition of a law enforcement initiative surcharge of $125. *See* Iowa Code § 911.3. The States concedes section 911.3 does not apply to violations committed under section 321.261(4). *See id.* (applying the surcharge to offenses committed under chapters 124, 155A, 453B, 713, 714, 715A, or 716 and sections 719.7, 719.8, 725.1, 725.2, and 725.3). At sentencing, the district court mistakenly informed Sangster, "You'll have to pay a Law Enforcement Initiative fee of $125." The plea and sentencing order instructed the clerk of court to assess the surcharge "to each applicable offense." "A rule of nearly universal application is that 'where there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls.'" *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995) (citation omitted). The State argues there is no evidence in this record the surcharge was assessed by the clerk of court, as there is no "applicable offense" to which it should be applied. We find, however, on the record before us we have a discrepancy between the oral pronouncement and the written judgment, and the controlling oral pronouncement was an illegal sentence. Therefore, we vacate the portion of the sentence that imposed the section 911.3 law enforcement initiative surcharge.

**AFFIRMED IN PART AND VACATED IN PART.**