# IN THE COURT OF APPEALS OF IOWA

No. 17-0782
Filed May 2, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CLIFFORD ARNELL GOODEN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Clifford Gooden appeals following a jury trial finding him guilty of operating a vehicle without the owner's consent, asserting his constitutional rights were violated as a result of juror bias. **AFFIRMED.**

Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Following a jury trial, Clifford Gooden was found guilty of operating a vehicle without the owner's consent. He now appeals the conviction, arguing his constitutional rights were violated as a result of juror bias. Specifically, he alleges that an answer given during voir dire by a person ultimately impaneled upon the jury was evidence of the juror's actual bias, depriving him of a fair trial. However, Gooden concedes his trial counsel did not challenge the juror for cause, which waived any objection he may have had concerning the alleged bias. *See State v. Hendrickson*, 444 N.W.2d 468, 472 (Iowa 1989) ("Known objections to prospective jurors, or objections which may be ascertained, are waived if no challenge is made before the jury is sworn."). Nevertheless, because "[i]neffective assistance of counsel is an exception to the traditional error preservation rules," *State v. Brothern*, 832 N.W.2d 187, 191 (Iowa 2013), Gooden alternatively argues his trial counsel was ineffective for failing to challenge the juror for cause.

We generally reserve ineffective-assistance-of-counsel claims for postconviction-relief proceedings, "where counsel can have his or her day in court to respond to the defendant's charges." *State v. Coleman*, 907 N.W.2d 124, 142 (Iowa 2018). "This is especially appropriate when the challenged actions concern trial strategy or tactics counsel could explain if a record were fully developed to address those issues." *State v. McNeal*, 867 N.W.2d 91, 105-06 (Iowa 2015). Thus, the merits of an ineffective-assistance claim will only be considered on direct appeal "if the record is adequate to decide the issue," which only occurs in rare cases. *State v. Hopkins*, 860 N.W.2d 550, 556 (Iowa 2015). Because we believe

Gooden's challenge requires a more fully developed record, we preserve his claim for possible postconviction-relief proceedings.

**AFFIRMED.**