# IN THE COURT OF APPEALS OF IOWA

No. 17-1343
Filed December 5, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**STEVE ARMSTED,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Mark R. Lawson,

Judge.

Defendant appeals his conviction for willful injury causing serious injury.

**AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.

Considered by Tabor, P.J., Bower, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BOWER, Judge.**

Steve Armsted appeals his conviction for willful injury causing serious injury. We find the present record is not adequate for us to address Armsted's claim of ineffective assistance of counsel regarding defense counsel's failure to present expert testimony on the issue of eyewitness identification or request a jury instruction on eyewitness identification, and we determine these issues should be preserved for postconviction proceedings. We affirm Armsted's conviction.

## I.     Background Facts & Proceedings

On March 2, 2015, at about 2:00 a.m., Joshua Robbins and his cousin went to a convenience store, known locally as the 24/7, in Clinton. Robbins got into a verbal disagreement with a man in the parking lot. When Robbins and his cousin left in their vehicle, they were followed by a gray Cadillac driven by the man. Robbins parked near his home, and the Cadillac parked behind him. Robbins went to confront the man, and they got into a physical altercation. Robbins stated he might have kicked the passenger-side door of the Cadillac. Robbins stated he was struck in the face with a meat cleaver. The man returned to his vehicle and left. Robbins had a severe laceration on his face and was transported to Iowa City for treatment.

A vehicle matching the description of the gray Cadillac was located and determined to be registered to Armsted. There was a boot print on the passenger-side door of Armsted's vehicle. In addition, damage to Armsted's vehicle matched damage on the Cadillac seen in a video from the convenience store. Armsted told officers he had been drinking beer that evening at the River City Brewing Company, which was across the street from the convenience store.

Armsted was charged with willful injury causing serious injury, in violation of Iowa Code section 708.4(1) (2015), a class "C" felony. During the jury trial, Rachael Wenzl, the cashier at the convenience store at the time of the incident, testified Armsted was a regular customer. She identified him as a person involved in the argument in the parking lot and pointed him out in the courtroom. Robbins testified he observed the video from the convenience store and stated the person he argued with in the parking lot was the same person who cut him. Officer Ben Huizenga identified Armsted as the registered owner of the Cadillac.

Armsted's former girlfriend, Alfredia Canady, testified Armsted told her "there were two guys that he had an altercation with at the store. One of the guys called him a n***** and he—the guy and him got into it and he kicked his car door and he—he cut him." Canady stated Armsted told her the person he cut went to the hospital in Iowa City. She stated this happened at the 24/7. Canady testified Armsted carried a knife "[a]lmost all the time."

The jury found Armsted guilty of willful injury causing serious injury using a dangerous weapon in the commission of the offense. Armsted was sentenced to a term of imprisonment not to exceed ten years, with a mandatory minimum of five years to be served concurrently with another sentence he was serving. Armsted now appeals.

## II.     Ineffective Assistance

Armsted claims he received ineffective assistance because defense counsel did not present expert testimony on the issue of eyewitness identification or request a jury instruction on eyewitness identification. He states the jury should have been educated on the reliability and limitations of eyewitness identification.

Armsted states he was prejudiced by defense counsel's performance. Armsted claims the State's case is based primarily on eyewitness identification.

We conduct a de novo review of claims of ineffective assistance of counsel. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). To establish a claim of ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *Id.* A defendant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

The State claims Armsted's assertion of ineffective assistance of counsel should be preserved for postconviction relief proceedings. A claim of ineffective assistance of counsel should be considered on direct appeal "only if the record is adequate to decide the issue." *State v. Hopkins*, 860 N.W.2d 550, 556 (Iowa 2015). When a claim involves issues of trial strategy and tactical decisions, the claim should be preserved for postconviction proceedings in order to fully develop the record. *Id.* Additionally, by preserving the claim an "attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims." *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002).

We conclude the present record is not adequate to address Armsted's claim of ineffective assistance of counsel regarding defense counsel's failure to present expert testimony on the issue of eyewitness identification or request a jury instruction on eyewitness identification. Defense counsel should be given the opportunity to respond to Armsted's claims. "[W]e preserve these claims for postconviction-relief proceedings 'so an adequate record of the claim can be

developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims.'" *See State v. Harrison*, 914 N.W.2d 178, 208–09 (Iowa 2018) (citation omitted).

We affirm Armsted's conviction for willful injury causing serious injury.

**AFFIRMED.**