# IN THE COURT OF APPEALS OF IOWA

No. 19-1030
Filed May 13, 2020

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**GREGORY M. HINTZE,**
　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

Gregory Hintze appeals the sentence imposed upon his conviction of extortion. **AFFIRMED.**

Scott M. Wadding of Sease & Wadding, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ. Tabor, J., takes no part.

**MULLINS, Judge.**

Gregory Hintze pled guilty to extortion. At his sentencing hearing, the victim's mother was allowed to make a statement in support of sending Hintze to prison. On appeal, we found allowing the victim's mother to make a statement was improper, and we vacated the sentence and remanded for resentencing before a different judge. *State v. Hintze*, No. 18-1418, 2019 WL 1056082, at *3 (Iowa Ct. App. Mar. 6, 2019).

At the resentencing hearing, the State argued for the imposition of a prison sentence and made statements that went beyond the record made at Hintze's guilty plea proceeding and the information contained in the presentence investigation report (PSI). Defense counsel objected, and the court directed the State: "I would caution you not to list any facts in this proceeding that were not specifically agreed to and admitted to in the plea." The State complied. The court ultimately sentenced Hintze to prison and denied Hintze's request for a suspended sentence. Hintze appeals, arguing the State introduced unproven facts at the resentencing hearing that raise sufficient questions about their effect on the court's sentencing decision to require the sentence be vacated and the matter remanded for resentencing again.

The court quite specifically directed the State to limit its argument to facts admitted to in the plea proceeding. Although the district court did not couch its response as a disavowal of the State's inappropriate argument, it clearly showed the court's recognition of the limits of what it should consider in making a sentencing decision. In addition, following the parties' sentencing recommendations, the court clarified with defense counsel as to what Hintze had

actually admitted, questioning if Hintze simply admitted to threatening to post pictures of the victim if she did not pay him. Defense counsel responded in the affirmative.

A PSI was prepared and available to the court and the parties at the time of both sentencing hearings. *See* Iowa Code § 901.3 (2017). Defense counsel did not object to any of the contents of the report at either hearing. *See id.* § 901.4 (allowing denial or refutation). The objected-to argument made by the State was supported generally by statements Hintze made to the preparer and which were contained in the report. As the court made record of what it was considering in making its sentencing decision, it specifically asked defense counsel if there was an objection to a portion of Hintze's statement to the PSI preparer, and there was not. The court denied Hintze's request for a suspended sentence and imposed a term of imprisonment. In doing so, the court focused on Hintze's own characterization of the offense—what he did and why—his lack of resources or support in the community to deter recidivism, the nature of the offense, and the need for incarceration in order to protect the community from further offenses. *See id.* §§ 901.5, 907.5(1); *State v. Hopkins*, 860 N.W.2d 550, 554–55 (Iowa 2015).

"When a sentence imposed by a district court falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *Hopkins*, 860 N.W.2d at 554. Here, we find the court's direction that the State not discuss the objected-to information—which essentially amounted to the court sustaining the defense objection—together with the court's clarification as to what Hintze actually admitted to doing, resolves any suggestion the court considered inappropriate materials. Absent an "affirmative

showing the sentencing court relied on inappropriate evidence," we find no abuse of discretion and affirm. *Id.* (quoting *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013)).

**AFFIRMED.**