# IN THE COURT OF APPEALS OF IOWA

No. 19-1652
Filed October 21, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES ALBERT CASTORENA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Hardin County, Paul B. Ahlers, Judge.


        James Castorena appeals the district court's sentencing order.
**AFFIRMED.**


        Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.



        Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ. Ahlers, J., takes no part.

**VAITHESWARAN, Presiding Judge.**

James Albert Castorena pled guilty to failure to stop at the scene of an accident resulting in serious injury. *See* Iowa Code § 321.261(3) (2019). The district court sentenced him to a prison term not exceeding two years. On appeal, Castorena contends that, in imposing prison time rather than probation and a suspended sentence as he requested, the court "minimized [the] positive aspects" of his life such as his successful employment, family support, and engagement to be married; "solely focused on [his] past mistakes;" and unfavorably considered his "attitude and demeanor." He also takes issue with the court's analysis of certain factors, such as his age.[1]

In imposing sentence, the court began by stating:

> Mr. Castorena, my goals with respect to sentencing are to provide for your rehabilitation, as well as the protection of the community. In trying to achieve those goals, to the extent these details have been made known to me, I have taken into consideration the recommendations of the parties, your age, your employment circumstances and history, your educational background, your family circumstances and obligations, your criminal history, your demeanor and attitude, and the nature of the offense and facts and circumstances surrounding it.

The court next addressed Castorena's age of forty-one as follows:

> [P]eople of any age can make a mistake and exercise poor judgment and commit a crime, but the hope is as we get older, we are less inclined to do that because we grow up and mature and become less impulsive and more responsible and things of that nature. And while 41 is still a relatively young man, it is old enough to be a situation where we cannot chalk this up to being a youthful indiscretion. For

---

[1] Castorena argues he had "good cause" to raise the issue under recent legislation restricting direct appeals from guilty pleas. *See* Iowa Code § 814.6(1)(a)(3) (Supp. 2019). We agree. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

lack of a better way of putting it, you are old enough to know better. So your age is a negative factor in that regard.

*See State v. Brown*, No. 12-1909, 2013 WL 2375611, at *1 (Iowa Ct. App. May 30, 2013) (citing district court's statement that based on the defendant's "position in the life cycle, she should know better"). The court also considered Castorena's gainful employment as "a good thing" and a "favorable factor" and cited "the support" he was "receiving from" his fiancée. After citing these mitigating circumstances, the court turned to Castorena's "criminal history" and found it to be "a negative factor in this case," particularly in light of his age. The court also viewed the nature of the crime as an "aggravating circumstance," characterizing it as "appalling." *See id.* at *3 (noting that the district court cited the "nature of the crime" and the "significant 'amount of money involved'"). Finally, the court commented on Castorena's apparent insincerity in expressing remorse for the crime but did not "put much weight" on his demeanor. *See State v. Jordan*, No. 99-1460, 2000 WL 1421736, at *2 (Iowa Ct. App. Sept. 27, 2000) ("A defendant's demeanor reflects on his character and is, therefore, a proper consideration for the court at sentencing.").

We discern no abuse of discretion in the district court's statement of reasons supporting the sentence. *See State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (setting forth standard of review). Accordingly, we affirm Castorena's sentence.

**AFFIRMED.**