# IN THE COURT OF APPEALS OF IOWA

No. 21-0161
Filed October 6, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAKE WALLEN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Jake Wallen appeals the sentences imposed by the district court. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, and Kyle Crocker, Law Student, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

Jake Wallen pled guilty to driving while barred. He pled guilty to second-degree theft in a separate case. Finally, he admitted to probation violations in a third case.

The district court sentenced Wallen to prison terms not exceeding two years on the driving-while-barred charge and five years on the theft charge, to be served concurrently. The court revoked Wallen's probation and ordered the two concurrent sentences to be served consecutively to the sentence in the third case.

On appeal, Wallen contends "[t]he district court abused its discretion when it ordered [him] to serve prison sentences." *See State v. Damme*, 944 N.W.2d 98, 105–06 (Iowa 2020) (setting forth standard of review). In his view, "the court should have suspended the sentence[s] of incarceration and placed him on probation." He cites his acquisition of "full-time employment and a residence of his own" and a presentence investigation report recommending a suspended sentence on the theft plea.

In imposing prison terms, the district court considered the mitigating factors cited by Wallen but weighed them against the "aggravating" "facts and circumstances" in the theft case, particularly Wallen's abuse of "the trust of an individual who cared about him." The court also considered Wallen's "criminal history" dating back to 2014 and the "community supervision" he was under at the time of the theft offense, which "evidently did not deter" him "from future and continued criminal conduct." And the court "consider[ed] the recommendation that was indicated in the presentence investigation report."

The court provided a detailed statement of reasons for requiring the sentences to be served consecutively to the sentence in the probation revocation case, including Wallen's "extended period of continuous probation" with scant "evidence of" rehabilitation, "the nature of the offense, the circumstances under which it was committed, the fact that [Wallen was] already on a supervised probation at the time that the new offense was committed," and the fact Wallen previously had a "residential facility placement."

We discern no abuse of discretion in the district court's sentencing decision. Though the recommendation of the presentence investigator "is a factor that could influence the sentencing decision," a court "is not bound to follow" the recommendation. *See State v. Hopkins*, 860 N.W.2d 550, 557 (Iowa 2015). As in *Damme*, "[t]he court extensively evaluated mitigating and aggravating factors presented in the [presentence investigation report], and it ultimately determined that [the defendant's] conduct, criminal history, and failure to rehabilitate despite numerous opportunities outweighed the mitigating factors." 944 N.W.2d at 107.

We affirm Wallen's sentences.

**AFFIRMED.**