# IN THE COURT OF APPEALS OF IOWA

No. 21-0387
Filed March 2, 2022

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JEANNE BROWN,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

Jeanne Brown appeals her sentence following her guilty plea. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by May, P.J., Ahlers, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**GAMBLE, Senior Judge.**

Jeanne Brown appeals her five-year indeterminate prison sentence following her guilty plea to operating while intoxicated (OWI), third offense.[1] We affirm.

"'Our review of a sentence imposed in a criminal case is for correction of errors at law.' We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *Damme*, 944 N.W.2d at 103 (citations omitted). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (citation omitted).

When, as here, the sentence "falls within the statutory parameters, we presume it is valid." *Id.* at 554. "'To overcome the presumption [of validity], we . . . require[] an affirmative showing the sentencing court relied on improper evidence.' On our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *Id.* (first alteration in original) (citation omitted).

Here, Brown contends the sentencing court abused its discretion because "it misinterpreted [the presentence investigation report (PSI)], by stating it considered her to be a danger to public safety." Brown emphasizes the statement

---

[1] Iowa Code section 814.6(1)(a)(3) (2020) limits the ability to appeal as a matter of right from a guilty plea to defendants convicted of a class "A" felony or defendants who establish good cause. Because Brown appeals from her sentence, not her underlying conviction, and the sentence was not mandatory or agreed upon, she has established good cause to appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

in the PSI that she "does not present an imminent danger." But in context, the PSI provided in relevant part:

> The defendant appears to be in need of structure and guidance. She does not present an imminent danger at this time. The defendant will need to obtain a substance abuse evaluation and follow any recommended substance abuse treatment until successful completion. The defendant is encouraged to obtain a mental health evaluation and follow any recommendations until successful completion, including mental health counseling. She is encouraged to discuss appropriate ways to manage her emotions and process her trauma history. Additionally, the defendant is encouraged to expand her positive peer group and time spent with those peers. She is encouraged to obtain part time employment once her medical issues are resolved.
>
> It is imperative the defendant abstain from the use of alcohol and begin to build a support network of others in recovery, whether it is through affiliation with the AA community or some other social organization.
>
> The concern for public safety is whether the defendant will repeat this behavior again in the future. Without proper intervention she may be at risk to relapse and/or reoffend. This is the defendant's eighth lifetime OWI conviction. The OWI Continuum Worksheet II places the defendant in the Short Term Incarceration category.

We do not think the sentencing court misinterpreted the PSI when it stated:

> The [PSI] also indicates that you are in need of structure and guidance. The concern that I have and I think it's also a concern that's set forth in the [PSI] is the concern for public safety. You know, this is the eighth operating while intoxicated; and, honestly, you're probably pretty lucky that none of those have resulted in some type of death to yourself or others.

The PSI revealed Brown drank alcohol with peers once or twice a month prior to this incident. She drank ten to twelve beers at the time of this offense. She claimed she had not drunk alcohol since her arrest, but she had not obtained a court-ordered substance-abuse evaluation. She was not in treatment and did not attend alcoholics anonymous/narcotics anonymous. Several prior treatment interventions were unsuccessful. The OWI continuum and prior probation

opportunities did not change her behavior. It was reasonable for the court to conclude Brown was likely to reoffend, raising a concern for public safety.

Moreover, we conclude the sentencing court did not abuse its discretion when reaching a sentencing determination different from the PSI sentencing recommendation. The PSI sentencing recommendation is a factor for the court to consider, but it is not determinative in itself. *See* Iowa Code § 901.5; *State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019) ("[A]ny sentencing recommendations contained in the PSI are not binding on the court."); *Hopkins*, 860 N.W.2d at 557. Similarly, we conclude the sentencing court did not abuse its discretion by declining to adopt the parties' sentencing recommendation. *See State v. Thomas*, No. 18-0300, 2018 WL 4361044, at *1 (Iowa Ct. App. Sept. 12, 2018); *State v. Hall*, No. 15-1467, 2016 WL 4543891, at *3 (Iowa Ct. App. Aug. 31, 2016).

Brown argues the court abused its discretion by basing its sentencing decision primarily on her criminal history and only giving lip service to other considerations. But the court noted it considered Brown's age, criminal history, employment, family circumstances, and health; the nature of her offense; and the information contained in the PSI when making its sentencing decision. *See State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006) (recognizing the sentencing court should "[w]eigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform" (alteration in original) (citation omitted)). When fashioning its sentence, the court reasonably determined Brown's extensive criminal history (this is her eighth OWI conviction amongst other convictions), past failed attempts at probation, her need for structure, and the

danger she presents to the community required incarceration.  *See Damme*, 944 N.W.2d at 107.  This was within the court's discretion.  So we affirm.

**AFFIRMED.**