# IN THE COURT OF APPEALS OF IOWA

No. 16-1723
Filed April 19, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSEPH MANUEL JONES,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Cynthia M. Moisan, District Associate Judge.

Joseph Jones appeals his conviction and sentence following his guilty plea to operating while intoxicated, first offense.  **AFFIRMED.**

Seth J. Harrington of Harrington Law LC, Clive, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

Joseph Jones appeals his conviction and sentence following his guilty plea to operating while intoxicated (OWI), first offense, a serious misdemeanor, in violation of Iowa Code section 321J.2 (2016).[1] Following an unreported hearing,[2] the district court ordered Jones to serve one year in jail with all but ninety days suspended, followed by probation; pay a fine of $1250 plus surcharges and fees; and complete the OWI first offender program.

"We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006)). "We give sentencing decisions by a trial court a strong presumption in their favor." *Id.*

When, as here, the sentence "falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *Id.* at 554. "To overcome the presumption [of validity], we have required an affirmative showing the sentencing court relied on improper evidence." *Id.* (alteration in original) (citation omitted). Jones does not claim the district court relied on inappropriate factors or improper evidence. Instead, he claims the district court abused its discretion in failing to consider certain mitigating factors: his family circumstances, including the fact he has custody of

---

[1] The State initially charged Jones with one count of OWI, first offense, and one count of driving while revoked. Pursuant to the plea agreement, the court dismissed the charge of driving while revoked.
[2] Jones waived his right to a record of the guilty plea and sentencing proceedings and his right of allocution.

two of his children; his full-time employment and employer support; and his successful course work. Jones also complains he had a rough upbringing, has not committed a criminal offense for several years, the offense he committed was "quite minor" because no one was hurt and there was no accident, and more than ten years have passed since his prior OWI offenses.

"On our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *Id.* The district court's sentencing order form reflects the court considered the following factors to be "most significant" in sentencing Jones: "The nature and circumstances of the crime," "[p]rotection of the public from further offenses," Jones's "criminal history," Jones's "substance abuse history," the "[m]aximum opportunity for rehabilitation," the "Plea Agreement," and the presentence investigation report.[3]

On this record, the sentence imposed by the district court was not clearly untenable or clearly unreasonable. The district court did not abuse its discretion in sentencing Jones. We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(a) and (e).

**AFFIRMED.**

---

[3] Jones does not argue the court's use of the sentencing form was improper. *See State v. Thacker*, 862 N.W.2d 402, 409–11 (Iowa 2015). Further, it is clear from the record the court exercised its discretion in sentencing Jones because the court imposed a sentence that equaled one-half the time argued by the State and recommended in the presentence investigation report. *See id.* at 410.