# IN THE COURT OF APPEALS OF IOWA

No. 17-1928
Filed August 1, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARVELLA ANN HARMS,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Hancock County, Rustin T. Davenport, Judge.


Marvella Harms appeals the sentence imposed upon her conviction of second-degree arson. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


Considered by Danilson, C.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**SCOTT, Senior Judge.**

Marvella Harms appeals the sentence imposed upon her conviction of second-degree arson, contending the district court abused its discretion in sentencing her to a term of incarceration. Harms specifically argues "the district court relied solely on the circumstances of the offense and failed to properly consider and weigh numerous appropriate factors in arriving at the sentence." She complains the court failed to give meaningful consideration to her "character, remorsefulness, rehabilitation, lack of criminal history, and chance for reform, as well as the protection of the community from further offenses." Harms agrees her sentence was within statutory limits. As such, the sentence "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

At the sentencing hearing, the district court noted it was required to impose a sentence that would best provide for Harms's rehabilitation, protect the community from further offenses, and deter others from engaging in similar conduct. *See* Iowa Code § 901.5 (2017). In reaching its sentencing determination, the court noted its consideration of Harms's age, attitude, criminal record, employment situation, financial and family circumstances, the nature of the crime, the recommendation of the parties, and Harms's ability for rehabilitation. *See id.* § 907.5(1); *State v. Hopkins* 860 N.W.2d 550, 554–55 (Iowa 2015). "After weighing all those factors," the court determined the imposition of a term of incarceration was appropriate.

The record affirmatively establishes the court considered more than just the circumstances of the offense. The record also shows the court specifically took into account all the factors Harms complains it did not consider. The fact that the court gave greater weight to particular factors—protection of the community, deterrence of similar conduct, and Harms's rehabilitation—does not show the court abused or failed to exercise its discretion. It only shows the court appropriately exercised its discretion in deciding to assign these factors greater weight and concluding a term of incarceration was appropriate. Because the court had good reason to do so, we find no abuse of discretion and affirm Harms's sentence.

**AFFIRMED.**