**IN THE COURT OF APPEALS OF IOWA**

No. 17-1254
Filed September 26, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM LOWELL FOSTER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Sean W. McPartland
and Mary E. Chicchelly (sentencing), Judges.


        William Foster appeals his conviction of assault causing bodily injury.
**AFFIRMED.**


        Geneva L. Williams of Williams Law Office, PLLC, Cedar Rapids, for
appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant
Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

William Foster entered an *Alford*[1] plea to assault causing bodily injury (domestic abuse) (strangulation), in violation of Iowa Code section 708.2A(1) and (5) (2017). The district court determined the plea was "knowingly and intelligently made" and was supported by "a factual basis." The court adjudged Foster guilty and sentenced him to a prison term not exceeding five years. The court also entered a five-year "sentencing no contact order" prohibiting "any contact with the protected party."

On appeal, Foster contends (1) his plea attorney was ineffective in failing to challenge the factual basis and voluntariness of the plea and (2) the district court abused its discretion in sentencing him to prison.

## I.      *Ineffective Assistance of Counsel*

"If the defendant fails to file a motion in arrest of judgment after the court has informed the defendant of his or her obligation to do so, he or she cannot directly appeal from the guilty plea" but "can challenge the plea under the rubric of ineffective assistance of counsel." *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017). Foster was properly advised of his obligation to file a motion in arrest of judgment if he wished to challenge the plea. He did not file a motion. Accordingly, he concedes his challenge to the factual basis and voluntariness of his plea must be raised under an ineffective-assistance-of-counsel rubric. To prevail, Foster

---

[1] An *Alford* plea is a variation of a guilty plea; the defendant does not admit to the "commission of the criminal act" but intelligently understands the "overwhelming evidence against [them]," and consents to the imposition of a sentence. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

must establish deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### A. Factual Basis

Foster argues he "struggled to understand exactly what charge he was entering a plea to and what facts the State would be required to prove beyond a reasonable doubt in order to sustain a guilty verdict." He characterizes the argument as a challenge to the factual basis for the plea. "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *State v. Nall*, 894 N.W.2d 514, 525 (Iowa 2017) (citation omitted). "Prejudice is inherent in such a case." *Id.* (citation omitted).

The charge to which Foster entered an *Alford* plea required a showing of "a domestic abuse assault committed by knowingly impeding the normal breathing or circulation of the blood of another by applying pressure to the throat or neck of the other person or by obstructing the nose or mouth of the other person, and causing bodily injury." Iowa Code § 708.2A(5). At the plea hearing, the prosecutor stated she was prepared to prove the charge in the following way:

> [H]aving [Foster's wife] and multiple members of the Cedar Rapids Police Department as well as medical experts from St. Luke's Hospital testify that, on or about February 21, 2017, the defendant was at his home with . . . his wife, . . . that the defendant then assaulted her by holding her down on the couch and pulling her hair in front of their twin daughters[,] . . . that the defendant continued assaulting her and attempted to strangle her, and that he then repeatedly picked her up and slammed her into the wall.

The prosecutor further stated witnesses would establish "the assault then continued out in the front of the residence, and that the defendant was doing what the witness described as wrestling moves on [the wife]." The wife "escaped into

her vehicle with her children, and . . . the defendant continued to try to assault her and broke the windows of that vehicle." The wife "was treated for multiple injuries throughout her body as the result of this incident."

At this juncture, the defense was asked to weigh in on the factual basis for the plea. Foster's attorney clarified the State also would have to "put on evidence that Mr. Foster was married . . . to [the wife], making it a domestic relationship" "[a]nd . . . "that [the] factual basis of the strangulation would need to be in there."

With this summary of the evidence on the record, the district court asked Foster whether he understood he was "living with [his] wife at the time" and he "knowingly impeded the normal breathing and circulation of blood of [his] wife by applying pressure to her throat or neck and causing her bodily injury." Foster responded, "I understand that, your Honor, yes." The court continued, "And the other evidence would be as has been described by [the prosecutor] and as recited and described in the minutes of evidence. Do you understand that?" Again, Foster responded, "I do understand that, your Honor." Foster agreed he had an opportunity to review the minutes of testimony and other evidence discussed by the State. He also agreed if the evidence were presented to a jury there was "a substantial likelihood he would be convicted of the crime."

On our de novo review, we conclude a factual basis existed for the plea. Accordingly, Foster's attorney did not breach an essential duty in failing to file a motion in arrest of judgment on this ground.

### B. Voluntariness of Plea

Foster contends he was not "informed about the five-year protective order or his concerns regarding visitation with his children" and this claimed omission

rendered his plea involuntary. In his view, his attorney should have filed a motion in arrest of judgment on this ground.

"[I]ineffective-assistance-of-counsel claims survive the guilty plea when a postconviction relief applicant can show trial counsel breached a duty in advance of the guilty plea that rendered the plea involuntary or unintelligent." *Castro v. State*, 795 N.W.2d 789, 793 (Iowa 2011); *cf. Schmidt v. State*, 909 N.W.2d 778, 781 (Iowa 2018) ("[W]e overrule our cases holding that defendants may only attack the intrinsic nature-the voluntary and intelligent character-of their pleas."). Our de novo review reveals the following pertinent statements.

In summarizing the plea agreement, the prosecutor stated, "the State will be recommending, at the request of the Protected Party, that a five-year no-contact order remain—or be put in place at the time of sentencing, and that the no-contact order that's currently in place stay in place until that time." In outlining the maximum penalties, the prosecutor reiterated a no-contact order could be imposed. Foster responded that he "didn't know about the five-year protective order." He asked whether "something [could] be done about that so [he could] still see [his] kids." Although the court did not answer his question about visits, the court asked him if he understood he "could be . . . subject to the no-contact order." Foster answered, "I do, your Honor." The court also asked whether Foster "had a chance to discuss these rights and implications to [his] satisfaction with [his] counsel." Foster said he did.

We conclude Foster's plea was knowing and voluntary. Accordingly, his plea attorney did not breach an essential duty in failing to file a motion in arrest of judgment on this ground.

## II.    *Sentencing Decision*

Foster contends the district court abused its discretion in imposing a five-year indeterminate prison term instead of "less restrictive options" or "alternatives to prison." Foster correctly acknowledges the district court's sentence was within statutory parameters. *See* Iowa Code § 902.9(e). Therefore, we presume its validity and will "only overturn the sentence for an abuse of discretion or for reliance on inappropriate factors." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015).

The district court provided the following reasons for imposing a prison term:

> I'm considering the presentence investigation report [(PSI)]. However, I will note for the record that I'm not taking into account those charges and pieces of information with which the Defendant took exception. I'm also taking into account heavily the fact that the defendant was on probation for a felony [operating while intoxicated] offense when this offense occurred, and that this offense involves the consumption of alcohol to the extent that the defendant's memory of events is drastically impaired. I also take into account the history and characteristics of the defendant, including his age and prior criminal record, and I do find that the sentence imposed will offer the defendant the maximum opportunity for rehabilitation as well as protection of the community.
>
> I want to just stop and address what I mean by that, Mr. Foster. Certainly there's an aspect to your sentence that is meant to really push the rehabilitation angle. And I'm very, very happy to hear that you've already started to make some steps in terms of addressing your substance use and abuse, as well as taking responsibility for your actions. It's very clear to me when I reviewed your PSI that quite a lot of the problems that you've run into, both with the law as well as within your personal life, stem from the use of alcohol. And it appears to me that you are in the beginning steps of addressing that issue, and you're to be commended for that. But you do need to really get ahold of the drinking problem that you've had and keep ahold of it. Where you have found some success lately is while being in custody, and that's why I'm keeping you there—in part, that's why I'm keeping you there right now. I'm also thinking very much about another angle here, and that is the punishment angle. And the fact is that you were on felony probation for another matter which involves alcohol when this matter occurred. And so taking

both of those thoughts into consideration as well as reviewing your history and reviewing the PSI and so forth, that's why I arrive upon the sentence that I have arrived upon today.

We discern no abuse of discretion in this statement of reasons.

We affirm Foster's judgment and sentence.

**AFFIRMED.**