**IN THE COURT OF APPEALS OF IOWA**

No. 18-1776
Filed February 5, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JACOB SCHMITZ,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Dubuque County, Monica L. Zrinyi
Wittig, Judge.

    The defendant challenges the sentences imposed by the district court.
**AFFIRMED.**

    Paul T. Jensen of Jensen & Trevino, P.C., East Dubuque, Illinois, for
appellant.

    Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney
General, for appellee.

    Considered by Bower, C.J., and May and Greer, JJ.

**GREER, Judge.**

In January 2018, Jacob Schmitz pled guilty to two counts of theft in the second degree, both class "D" felonies.[1]  *See* Iowa Code § 714.2(2) (2016).  At sentencing, the court deferred judgments on both counts and placed Schmitz on probation for two to five years.  Less than two weeks after sentencing, Schmitz was arrested and charged with several crimes.  He was ultimately convicted of assault with intent to cause physical injury.[2]  Once the State learned of the new charges, it filed a report detailing Schmitz's probation violations.

Because of these events, the district court held a probation revocation hearing in September 2018.  Schmitz stipulated he violated his probation, which led to the court revoking the deferred judgments on the second-degree-theft convictions.  Facing the new sentence, Schmitz asked the court to allow him to remain on probation with his terms of incarceration suspended.  Schmitz's probation officer recommended the court impose the two five-year terms of incarceration and order them to be served concurrently.  *See* Iowa Code §§ 902.9(1)(e) (providing a class "D" felon "shall be confined for no more than five years"); 908.11(4) (allowing the court, when a probation violation is established, to "impose any sentence which might originally have been imposed").  The State

---

[1] Because the judgments and sentences were entered before July 1, 2019, the amended Iowa Code section 814.6(1)(a)(3) (2019) does not apply here.  *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) ("On our review, we hold Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."); *see also* Iowa Code § 814.6(1)(a)(3) (limiting appeals from guilty pleas for crimes other than class "A" felonies).

[2] This action and the resulting conviction took place in Arizona, where Schmitz was living with the permission of the Iowa Department of Correctional Services.

recommended the court impose a prison sentence and "acquiesce[d] to the department's request that they be concurrent."

After taking testimony, the court imposed two five-year terms of incarceration and ordered them to be served consecutively, stating:

> [Schmitz] minimizes his role in conduct that brings him into the criminal justice system. His excuse for the thefts relates to his need for extra money. The court did not hear an excuse as to why he did what he did to his girlfriend after having been granted the gift of a deferred judgment just ten days prior. This and truly nothing more is the most significant of the reasons as to why [Schmitz] should be revoked and sent to prison. Additionally, he did not report the law violations as ordered. He did not receive a commitment from the State of Arizona that it was willing to supervise him under the compact. He was assigned a probation officer in Arizona but had not been there long enough before he committed the offenses against his girlfriend to meet the officer.
> The Court does not find he is amenable to street probation.

Citing specific reasons, the court emphasized that the order for consecutive terms was "due to the fact [Schmitz] was barely on probation for ten days in Iowa when the offenses were committed in Arizona, he was not accepted on the compact and therefore his actions jeopardized the same."

On appeal, Schmitz maintains the court abused its discretion in imposing sentence. Schmitz is cognizant of the fact that the sentence imposed is within the statutory limits, as he notes it is the most severe sentence the court had within its options to impose. But his basic argument is that the most severe sentence is not warranted under these circumstances, so the court abused its discretion.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "When a sentence imposed by a district court falls within the statutory parameters, we presume it is valid and only

overturn for an abuse of discretion or reliance on inappropriate factors." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018) (quoting *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015)). The defendant has the burden to "affirmatively show that the sentencing court relied on improper evidence to overcome the presumption of validity." *Id.* And while Schmitz urges us to find that the circumstances here warranted a less severe sentence, "[t]he question we must answer is not whether the challenged sentence is one we would have imposed, but rather, 'whether the sentence imposed was unreasonable.'" *Id.* (quoting *Hopkins*, 860 N.W.2d at 554). "[O]ur task on appeal is not to second guess the decision made by the district court." *Formaro*, 638 N.W.2d at 725.

Recognizing that the court imposed a sentence within its discretion and that Schmitz has not established the court relied on an improper factor or consideration to do so, we find the district court did not abuse its discretion in sentencing Schmitz to consecutive terms of prison. The court's decision was not based on grounds clearly untenable or to an extent clearly unreasonable. *See Wickes*, 910 N.W.2d at 572; *see also Formaro*, 638 N.W.2d at 725 ("[Judicial decisions] deal in differing shades of gray, and discretion is needed to give the necessary latitude to the decision-making process. This inherent latitude in the process properly limits our review."). We affirm the sentence imposed by the district court.

**AFFIRMED.**