# IN THE COURT OF APPEALS OF IOWA

No. 19-2058
Filed September 23, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**OSCAR MIGUEL NUNEZ CABRERA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Bethany Currie,

Judge.

Oscar Nunez Cabrera appeals the district court's sentencing order.

**AFFIRMED.**

Eric W. Manning of Manning Law Office, P.L.L.C., Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Oscar Miguel Nunez Cabrera pled guilty to domestic-abuse assault while using or displaying a dangerous weapon and child endangerment. *See* Iowa Code §§ 708.1, .2A(1), (2)(c), 726.6(1)(a), (7) (2019). The district court sentenced him to prison terms not exceeding two years for each offense, to be served consecutively to each other and consecutively to a fifteen-year indeterminate prison term in another case.

On appeal, Nunez Cabrera contends (1) his sentence violated the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution and (2) the district court abused its discretion in failing to adequately consider mitigating circumstances and his potential for rehabilitation.

The State preliminarily requests dismissal of the appeal pursuant to a recent amendment to Iowa Code section 814.6, which affords no right of appeal from a guilty plea unless the defendant establishes "good cause." After the State filed its brief, the supreme court held that the good-cause requirement is satisfied "when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme,* 944 N.W.2d 98, 105 (Iowa 2020). The court declined to dismiss the defendant's appeal and proceeded to the merits. We will do the same.

"The federal lexicon for Eighth Amendment analysis no longer includes the terms 'facial challenge' and 'as-applied challenge.'" *State v. Oliver*, 812 N.W.2d 636, 639–40 (Iowa 2012). "Instead, the defendant must challenge his sentence under the 'categorical' approach or make a 'gross proportionality challenge to [the] particular defendant's sentence.'" *Id.* (citation omitted). Under the second

approach, "[i]f the sentence does not create an inference of gross disproportionality, then 'no further analysis is necessary.'" *Id.* at 650.

Nunez Cabrera raises a gross-disproportionality challenge to his sentence. In his view, the sentence imposed was "excessive" relative to the "nature of the offenses." *See State v. Bruegger*, 773 N.W.2d 862, 873 (Iowa 2009) (noting the preliminary test involves "a balancing of the gravity of the crime against the severity of the sentence"). On our de novo review of this constitutional issue, we disagree.

In choosing consecutive rather than concurrent sentences for domestic-abuse assault while using or displaying a dangerous weapon and child endangerment, the district court stated: "[There] are two different victims who were impacted by your actions, and there was a pushing of the child in the process of getting to the mother, and then beating the woman with a spiked flashlight in front of her four-year-old child." The court characterized the circumstances of the crimes as "appalling." Comparing those circumstances to the length of the sentences, we note that both sentences were indeterminate, a factor deemed to render them less harsh. *See State v. Propps*, 897 N.W.2d 91, 103–04 (Iowa 2017) (stating the defendant's "sentence was not severe"; he "was sentenced to four indeterminate sentences, making him immediately eligible for parole review"); *see also* Iowa Code § 903.1(2) ("When a judgment of conviction of an aggravated misdemeanor is entered against any person and the court imposes a sentence of confinement for a period of more than one year the term shall be an indeterminate term."). We conclude "[t]his [is] not the rare case that satisfie[d] [the] threshold inquiry" of gross disproportionality. *See Propps*, 897 N.W.2d at 104.

We turn to Nunez Cabrera's argument that the district court "did not properly address the lack of [his] potential rehabilitation through probation, treatment and classes." The district court must clearly state its reasons for a sentence. *See State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). But the court is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). We review the district court's statement of reasons for an abuse of discretion. *See State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015).

The district court considered Nunez Cabrera's "rehabilitative needs" and determined they were "best served by a period of incarceration" rather than probation, given "the relatively short amount of time in between each of [the crimes] and the repeated contacts and attempts to terrorize" the mother of the child. We discern no abuse of discretion in the court's statement of reasons.

We affirm Nunez Cabrera's sentence.

**AFFIRMED.**