# IN THE COURT OF APPEALS OF IOWA

No. 20-0668
Filed November 30, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NATHANIEL RAY DEAL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Zachary S. Hindman, Judge.

A defendant appeals his prison sentence for possession with intent to deliver cocaine. **AFFIRMED.**

Priscilla E. Forsyth, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

Highlighting "a history of criminal conduct" and "a history of noncompliance with correctional supervision in the community," the district court sentenced Nathaniel Deal to an indeterminate ten-year prison term for possession with intent to deliver cocaine. Deal appeals, contending the court placed too much weight on his mistakes from years ago instead of his current circumstances. Finding no abuse of discretion in the court's decision, we affirm.[1]

In the summer of 2018, Deal was patronizing Uncle Dave's Bar in Sioux City when police arrested him on four outstanding warrants. During the arrest, Deal dropped five bags of cocaine, each weighing about half a gram. He also possessed two bags of marijuana.

The State charged Deal with possession with intent to deliver cocaine, a class "C" felony, in violation of Iowa Code section 124.401(1)(c)(2) (2018) and possession of marijuana, third offense, an aggravated misdemeanor, in violation of section 124.401(5). In November 2019, he pleaded guilty to the felony count.[2] In January 2020, Deal failed to appear for his sentencing hearing. The State

---

[1] To begin, Deal has good cause to appeal his sentence as required under Iowa Code section 814.6(1)(a)(3) (2020). *See State v. Damme*, 944 N.W.2d 98, 103–05 (Iowa 2020) (discussing recent statutory amendment and holding "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea"). We review sentences for correction of legal error. *Id.* at 103. We will reverse only if we detect "an abuse of discretion or some defect in the sentencing procedure." *Id.* An abuse occurs when the sentencing court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Pappas*, 337 N.W.2d 490, 493 (Iowa 1983).

[2] Deal also entered a written guilty plea to the aggravated misdemeanor and received a separate sentence on that conviction, not at issue here.

charged him with failure to appeal but dismissed that charge before the rescheduled April sentencing hearing.

At that hearing, the State asked the court to impose an indeterminate ten-year prison term to match the recommendation in the presentence investigation (PSI) report. Deal asked for probation. To strengthen his request, he offered eleven letters of support.[3] Deal also testified that he had inherited a construction business from his father, who passed away in November 2019.[4] Deal told the court: "[H]opefully I'm able to get out and get it going." He attributed his past probation failures to "a lot of dumb decisions" he made when he was younger. Deal told the court his outlook had changed:

> [A]fter my father dying, I have no room for simple mistakes as I made in the past. I am 40 years old right now. . . . I have a daughter that's going to be a senior this year. I'm doing everything I possibly can to be a good father to the other six kids that I have. I'm just tired of running in and out of jail.

After considering Deal's statements, as well as the exhibits and counsels' recommendations, the court imposed a sentence not to exceed ten years.[5] The court weighed a host of sentencing factors, including "rehabilitation needs and rehabilitation propensity of the defendant, the need to protect the community from further offenses by the defendant, the defendant's age, the nature and

---

[3] Many letter writers lauded Deal's community involvement, especially his commitment to coaching youth basketball.

[4] The record is unclear as to whom Deal refers to as his father. The PSI from June 2019 reports that Deal "never knew his father as he was deceased prior to his birth." The PSI also reports that Deal had "no contact and no relationship" with his stepfather, who lived in Mississippi.

[5] The court told Deal that for his marijuana conviction, it would impose "a concurrent term of incarceration so there won't be any additional time you will serve as a result of that."

circumstances of the offense, and the defendant's criminal history, work history, family history, and everything set forth in the [PSI] report." *See* Iowa Code § 901.5 (explaining court should consider rehabilitation of defendant and protection of community in sentencing). The court recognized Deal had been a positive influence on "a lot of people" and welcomed a new business opportunity. But the court ultimately decided Deal was "not a good candidate for probation" because of his unsuccessful probation history.

Deal insists that decision was "unreasonable" because of his "clear potential for further rehabilitation in the community." He asks us to remand for resentencing so the court may consider his positive contributions and "his desire and ability to change at this point in his life."

Because Deal's prison sentence falls with statutory limits, it carries "a strong presumption in its favor." *See Damme*, 944 N.W.2d at 105–06. As appellate judges, our job is not to proclaim what sentence we would have imposed. *State v. Hopkins*, 860 N.W.2d 550, 545 (Iowa 2015). Rather, we limit our review to deciding whether the sentence imposed was reasonable considering the relevant factors. *State v. Formaro,* 638 N.W.2d 720, 725 (Iowa 2002). Here, the district court took into account Deal's personal situation and his community involvement. But the court gave greater weight to his unpromising record of violating the conditions of his probation for past offenses. That balancing was a proper exercise of its discretion. Having found no abuse of discretion, we decline to order resentencing.

**AFFIRMED.**