# IN THE COURT OF APPEALS OF IOWA

No. 19-0046
Filed November 30, 2020

**GATBEL THOUK CHANY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.

Gatbel Chany appeals the dismissal of his application for postconviction

relief. **AFFIRMED.**

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.

Considered by Mullins, P.J., Schumacher, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**VOGEL, Senior Judge.**

Gatbel Chany appeals the district court's dismissal of his second application for postconviction relief (PCR).[1]  Because his claim was not raised or ruled on in the district court, it is not preserved for appeal.

In July 2009, Chany pled guilty to ongoing criminal conduct, in violation of Iowa Code section 706A.4 (2007), and three counts of second-degree robbery, in violation of Iowa Code section 711.3.  He was sentenced to indeterminate terms of imprisonment not to exceed twenty-five years on the ongoing-criminal-conduct conviction and ten years on each of the robbery convictions, with the twenty-five-year term and one ten-year term to be served consecutively to each other.  This court affirmed his sentences on direct appeal.  *State v. Chany*, No. 09-1302, 2010 WL 1375351, at *2 (Iowa Ct. App. Apr. 8, 2010).  In 2014, our supreme court decided *State v. Lyle*, 854 N.W.2d 378, 402–04 (Iowa 2014), which held mandatory minimum sentences for juveniles are unconstitutional without an individualized assessment by the district court.  Because Chany was a juvenile—age seventeen—when he committed the crimes, he filed a motion to correct illegal sentence.  On January 23, 2015, a resentencing hearing was held, after which the district court denied Chany's motion, upholding the originally imposed sentence.  This court affirmed.  *State v. Chany*, No. 15-0340, 2016 WL 1705160, at *2 (Iowa Ct. App. Apr. 27, 2016).

---

[1] Chany's first PCR application—unrelated to this appeal—was dismissed by the district court.  This court affirmed, finding his argument had no basis in law or fact. *See Chany v. State*, No. 12-0590, 2013 WL 5760683, at *1 (Iowa Ct. App. Oct. 23, 2013).

On September 6, 2017, Chany filed a subsequent PCR application, asserting ineffective assistance of his counsel at the resentencing hearing. The thrust of PCR counsel's argument at the November 15, 2018 hearing was that resentencing counsel did not object to the lack of an updated presentence investigation report (PSI) or aggressively argue the *Lyle* factors to persuade the court to impose a lesser sentence. PCR counsel did cite to *State v. Roby*, 897 N.W.2d 127, 145–48 (Iowa 2017), which gave courts additional "guidance" in applying the *Lyle* factors. The State argued that the *Lyle* factors had been presented, considered, and decided adversely to Chany, and that decision was reviewed and affirmed by this court. The PCR court agreed with the State and found Chany's resentencing counsel "could not have been ineffective in failing to anticipate *Roby* a year or more in advance of" the resentencing ruling. The court also quoted *State v. Effler*, 769 N.W.2d 880, 889 (Iowa 2009), in finding "an attorney need not be a 'crystal gazer' who can predict future changes in established rules of law in order to provide effective assistance to a criminal defendant." The PCR court similarly rejected Chany's argument regarding an updated PSI—citing *State v. Hopkins*, 860 N.W.2d 550, 556 (Iowa 2015)—in finding such an updated report "is neither statutorily required nor prohibited on resentencing." Furthermore, the court found the Iowa Department of Corrections filled in the gap between sentencing and resentencing by providing a report "outlining the positives and negatives in [Chany's] life while in custody. It is unclear what more would have been forthcoming had an updated PSI actually been prepared." In addition, the court found Chany's own testimony at the PCR hearing "mirrored the information already presented to the resentencing court, which

focused on his family history and his subpar performance while incarcerated." Chany appeals.

We review ineffective-assistance-of-counsel claims de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To prevail, the applicant "must establish counsel breached a duty and prejudice resulted." *Id.* at 866 (quoting *Castro v. State*, 795 N.W.2d 789, 794 (Iowa 2011)).

Chany asserts the PCR court should have found his resentencing counsel was ineffective for not following the sentencing protocol identified in the later filed decision in *Roby*. As noted above, the PCR court struck this argument down, ruling his resentencing counsel need not be a "crystal gazer." But Chany now adds a new prong to his argument, namely that his resentencing counsel "breached an essential duty by failing to present mitigating evidence in the form of expert testimony pertaining to the *Lyle* factors." As the State correctly notes, this new prong was not litigated or ruled on by the PCR court and is not preserved for our review. *See Lamasters*, 821 N.W.2d at 862 ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002))).

The only possible reference that might save Chany's repackaged argument occurred during the PCR hearing, when Chany's PCR counsel asked him, "[D]id [resentencing counsel] call any expert witnesses at the time of your hearing?" Chany answered, "No, no expert witnesses were called." PCR counsel also alluded to expert testimony in closing argument, asserting "expert testimony is probably a good idea to establish those [*Lyle*] factors." Chany and his counsel did

not otherwise develop an expert-testimony argument in any way during the PCR hearing for the court to address or rule on. Accordingly, the PCR court's only reference to expert testimony came when it found Chany failed to show prejudice resulted from the lack of an updated PSI:

> Even assuming a breach of such a duty was established, it remains incumbent upon the applicant to establish prejudice. As noted earlier, this would require the applicant to establish a probability of a different result sufficient to undermine confidence in the outcome of the proceeding. Conclusory or self-serving claims of prejudice are insufficient to establish this element. Again, the applicant has offered nothing on this element beyond a repackaging of his testimony from the resentencing hearing . . . . As noted earlier, prejudice is not to be presumed—it must be established. *The applicant has offered no new evidence, lay, expert or empirical, that even suggests that he would be a viable candidate for the elimination of his mandatory minimum sentence.* As a result, his claim of ineffective assistance fails for lack of proof on the required element of prejudice.

(Emphasis added, and citations and footnote omitted.) On our de novo review of the transcript, we agree with the State that such a brief reference by the PCR court, without any facts, argument, or citation to authority to what Chany now claims was an issue in the court, does not show the claim was litigated before and decided by the PCR court to preserve the claim for our review. *See Lamasters*, 821 N.W.2d at 864 ("*Meier* distinguishes between the situation where error was preserved even though 'the record or ruling on appeal contains incomplete findings or conclusions,' 641 N.W.2d at 539, and the situation where the issue was 'not considered by' the district court and thus error was not preserved, *id.* at 540.").

Chany also asserts the decision in *Roby* should be applied retroactively. But as the State notes, the predicate for us to do so would be for us to find the

PCR court's ruling was wrong.  We have declined to do so.  Because that ruling stands, we do not reach whether *Roby* should be applied retroactively.

**AFFIRMED.**