**IN THE COURT OF APPEALS OF IOWA**

No. 21-1258
Filed April 27, 2022

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**TYRELLE RICHARDSON,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Scott County, Tamra J. Roberts, Judge.

 A defendant appeals his sentence following a guilty plea. **AFFIRMED.**

 Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

 Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

 Considered by May, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

Tyrelle Richardson appeals his sentence, claiming the district court abused its discretion when it sentenced him to prison rather than probation. We find the district court did not abuse its discretion. We affirm.

## I.      Background Facts & Proceedings

A criminal complaint was filed against Richardson on July 19, 2019, alleging Richardson had intentionally driven his car into a police vehicle while trying to avoid apprehension. Richardson entered a plea of not guilty on January 6, 2021. The next day, the State filed a trial information charging Richardson with criminal mischief in the second degree, as a habitual offender. The State offered Richardson a plea deal, in which Richardson would plead guilty as charged and pay restitution in the amount of $8562.25 to the city of Davenport. Under the plea agreement, the State was free to make any sentencing recommendation but agreed not to pursue the habitual offender enhancement. Richardson pled guilty in April 2021.

A presentence investigation report (PSI) filed in July contained Richardson's previous criminal history, including convictions for robbery, theft, and drug-related charges. The report noted that Richardson had plans to obtain his commercial driver's license. The PSI "guardedly recommend[ed]" probation.

Following a sentencing hearing held in September, the court sentenced Richardson to five years in prison. Richardson appeals.[1]

---

[1] The amendments to Iowa Code § 814.6 (Supp. 2019) apply to Richardson's appeal. But because he is challenging his sentence, rather than his guilty plea, he has shown good cause for his appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

## II.     Standard of Review

"We review sentencing decisions for abuse of discretion or defect in the sentencing procedure.  An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable.  We give sentencing decisions by a trial court a strong presumption in their favor."  *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (citations and quotation omitted).  "On our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable."  *Id.* at 554 (citing *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002)).

## III.     Discussion

Richardson alleges the district court abused its discretion when sentencing him to prison rather than probation.  In particular, he claims the district court should have adopted the recommendation in the PSI.  He points both to his willingness to pay restitution and professed desire to improve his behavior as mitigating factors.

Our courts have long recognized factors relevant to sentencing include "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chance of [the defendant's] reform."  *Id.* (alteration in original) (quoting *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999)).  Other factors courts may consider include the defendant's employment and family circumstances, mental health and substance abuse, and "other factors as are appropriate."  Iowa Code § 907.5 (2019).  The district court should consider all relevant factors when seeking to "provide [the] maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant and others."  *Id.*

The district court made these findings during sentencing:

Specifically in this case, the Court has considered the defendant's age, the nature of the offense, his criminal history, which is—I guess it's somewhat lengthy, but it seems to be quite concerning the types of charges that he's pled guilty to in the past or have been found guilty of in the past. The Court is concerned with the actual underlying allegations of this case to which the defendant has pled guilty. The Court finds there's a need for a more specific and general deterrence.

Here, the district court focused on the defendant's age, circumstances of the offense, the need for deterrence, and Richardson's criminal history—all appropriate considerations. It was not unreasonable to conclude Richardson's conduct—intentionally striking a police vehicle with his car while trying to avoid arrest—coupled with his criminal history, warranted a term of incarceration. *See Hopkins*, 860 N.W.2d at 555 (recognizing "the seriousness and gravity of the offense is an important factor" during sentencing).

As to Richardson's assertion about the recommendation for probation contained in the PSI, courts can and should consider the recommendation and other relevant information in the PSI. Here, the district court expressly noted consideration of the PSI, stating, "I have reviewed the [PSI] and have considered the information contained therein." While the report is relevant, "a sentencing court is not bound to follow a sentencing recommendation" in the PSI. *Id.* at 557. We determine the district court did not abuse its discretion by declining to follow the recommendation in the PSI.

**AFFIRMED.**