## IN THE COURT OF APPEALS OF IOWA

No. 21-1698
Filed July 20, 2022

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**KYLE MAX RAY,**
　　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Linn County, Nicholas L. Scott, District Associate Judge.

Kyle Ray appeals his sentence for assault causing bodily injury, alleging an abuse of discretion by the district court. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

0

**SCHUMACHER, Judge.**

Kyle Ray appeals his sentence for assault causing bodily injury, alleging an abuse of discretion. Because the district court did not abuse its discretion, we affirm.

## I.      Background Facts and Proceedings

In August 2021, the State charged Ray with domestic abuse assault causing bodily injury, a serious misdemeanor, in violation of Iowa Code section 708.2A(1) (2021). In October, a written waiver of rights and plea of guilty to assault causing bodily injury, also a serious misdemeanor, in violation of Iowa Code section 708.1 and 708.2(2), was filed. The written waiver of rights and guilty plea contained a handwritten paragraph that was crossed out. The contents of this paragraph are not completely legible but appear to contain terms concerning Ray's sentence. The document was signed by Ray, his defense counsel, and the prosecutor.[1]

The court sentenced Ray on October 15, 2021. Ray appeared telephonically from the Lee County jail.[2] The court sentenced Ray to a term of incarceration of 180 days with all but forty-seven days suspended. Ray was given credit for nineteen days he served in Linn County prior to his bond review hearing and was ordered to serve the remaining twenty-eight unsuspended days. The court ordered Ray to pay a fine and surcharge and determined that Ray had no

---

[1] The written waiver of rights and guilty plea dismisses all indictable-related simple misdemeanors at Ray's cost unless otherwise provided in the document, neither of which are at issue in this appeal.

[2] The written waiver of rights and guilty plea waives Ray's right to be present for sentencing and waives the procedures set forth in Iowa Rule of Criminal Procedure 2.8(2)(b). There is no transcript of the sentencing hearing, and it does not appear the hearing was formally reported.

reasonable ability to pay court costs and attorney fees. Ray was placed on unsupervised probation and ordered to complete the conditions of probation by July 15, 2022, which included "no further law violations" and payment of all sums ordered.

Following the entry of the sentencing order, Ray wrote a letter to the court, which stated Ray believed his sentence would be suspended in its entirety per plea negotiations with the State. A hearing was scheduled but subsequently cancelled when Ray filed his notice of appeal.

## II. Scope and Standard of Review

We review sentencing decisions for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* "The decision of the district court to impose any particular sentence within the statutory limits is 'cloaked with a strong presumption in its favor.'" *State v. Lacey*, 968 N.W.2d 792, 809 (Iowa 2021) (quoting *Formaro*, 638 N.W.2d at 724).

## III. Discussion

Ray alleges that the district court abused its discretion when it sentenced him outside of the terms of the plea agreement.[3] That argument is contradicted by the present record. The district court was not bound by any plea agreement when entering Ray's sentencing order. The written waiver of rights and plea of guilty

---

[3] The record is void of a document captioned "plea agreement." It appears Ray is referencing his written waiver of rights and plea of guilty, which as previously noted, was signed by the State.

provided that the court was not bound by a plea agreement.[4]  We have long held that "a sentencing court is not bound to follow a sentencing recommendation." *State v. Hopkins*, 860 N.W.2d 550, 557 (Iowa 2015).  And here, the record is void of any sentencing recommendations by the parties.  The court, however, had the authority to enter a sentence distinct from any advocated for by the respective parties at hearing.  The sentence imposed is within the statutory limits for a serious misdemeanor.  We determine the court did not abuse its discretion.  Accordingly, we affirm.

   **AFFIRMED.**

---

[4] The written waiver of rights and plea of guilty, which was signed by Ray, stated, "I understand the Court is not a party to this agreement and that this agreement does not bind the Court in any manner."  It also stated, "[N]o one has predicted to me or assured me what sentence I will receive."