**IN THE COURT OF APPEALS OF IOWA**

No. 21-1721
Filed October 5, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVID JOHN SMITH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, David P. Odekirk,

Judge.


David Smith appeals the sentence imposed after he pled guilty to theft in

the first degree. **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Joey T. Hoover (until

withdrawal), Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

David Smith contends the trial court abused its discretion by sentencing him to a prison term rather than suspending his sentence with the opportunity for treatment of his methamphetamine addiction.[1]  We find no abuse of discretion by the sentencing court.

On May 18, 2021, Smith pled guilty to theft in the first degree, a class "C" felony, in violation of Iowa Code sections 714.1(1) and 714.2(1) (2020).[2]  The theft occurred in November 2020, when Smith stole a truck with an attached trailer, which was carrying a skid loader.  After being apprehended with the stolen truck, Smith disclosed the location of the trailer and skid loader so they could be recovered.

At the sentencing hearing, the State recommended a sentence of ten years in accordance with the recommendation in the presentence investigation (PSI) report and that the fines and surcharges be suspended.  Smith requested the ten-year sentence be suspended on the condition he reside in a residential facility, obtain substance-abuse treatment, and submit himself to drug court supervision.

In making his sentencing request, Smith cited his long struggle with substance abuse and the lack of rehabilitation progress made during his previous time in prison.  He argued time in a mental-health and drug-treatment center would best serve his rehabilitation.  For its recommendation, the State listed the multiple

---

[1] Smith calls himself a methamphetamine addict.

[2] While Iowa Code section 814.6 precludes a defendant who has pled guilty to a crime that is not a class "A" felony from appealing without good cause, "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea."  *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

opportunities Smith already had to seek in-patient drug treatment during the pendency of this case. In fact, as part of the plea agreement, Smith was required to enter in-patient drug treatment; however, Smith never did. On top of that, the State also detailed Smith's history of escaping out of the state during previous supervised releases. After hearing each side, the sentencing court followed the State's recommendation, emphasizing Smith's failure to utilize rehabilitation opportunities prior to the sentencing hearing. The sentencing court explained:

> In considering the request to suspend the sentence today, I have looked at all those factors and I've looked at your desire to get clean. I believe you're being sincere with me today that you do want to do that. However, you've been given opportunity after opportunity after opportunity to pursue that goal and have not done it and, in fact, again, you've been out of custody in this matter now for a period of time and avoided all opportunities you had to pursue treatment again and I understand the reason that you're giving is the hold meth has had on you and the difficulty it has presented to your life to get clean. But at this time I do believe that the most reasonable thing to do under all of the circumstances is to adopt the State's recommendation and the recommendation as set out in the [PSI report] and to sentence you to a term of imprisonment not to exceed ten years.

The sentencing court also enumerated other factors considered by the court, including Smith's age, his prior record, his employment history, his family history, and his history of substance abuse.

Smith timely appealed, arguing the sentence would do little to aid in his rehabilitation and, thus, potentially fail to protect the public from future offenses. Yet to prevail here, Smith must demonstrate an abuse of trial court discretion. "When a sentence imposed by a district court falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). A

court abused its discretion if "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Smith challenges, when using all relevant information, that the sentencing court failed to optimally balance maximum opportunity for rehabilitation with community protection from further offenses. *See* Iowa Code § 901.5 (setting out sentencing parameters and considerations). "[Prior to] suspending a sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing." *Formaro*, 638 N.W.2d at 725. But here, the sentencing court reasonably balanced the opportunity for rehabilitation with the community's protection and properly weighed the necessary factors, including Smith's desire to get treatment for his drug addiction, in choosing the ten-year sentence recommended in the PSI report and by the State. Smith argues prison will not aid in his rehabilitation and therefore only protects the community from further offense in the short term until his eventual release. While Smith's argument is logical, "[o]n our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *Hopkins*, 860 N.W.2d at 554. And, under either option, the motivation of Smith directs his success, not necessarily where he is placed.

Because we find no defect in the sentencing procedure and find the sentence imposed was properly within the sentencing court's discretion, we affirm.

**AFFIRMED.**