# IN THE COURT OF APPEALS OF IOWA

No. 22-0833
Filed January 25, 2023

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**BRANDI KAYE SMITHSON,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

　　　　Brandi Kaye Smithson appeals the sentence sending her to prison.
**AFFIRMED.**

　　　　Heidi Miller of Gribble, Boles, Stewart & Witosky Law, Des Moines, for appellant.

　　　　Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

　　　　Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

Counting it as a third offense, Brandi Kaye Smithson operated a motor vehicle while under the influence (OWI) of alcohol and pled guilty to that offense.[1] In January 2022, Smithson filed the written plea agreement, providing that she would plead guilty if the habitual offender enhancement was not imposed and if she could be free to argue at sentencing for her desired sentence. Trouble is, she did not get what she argued for and, instead, the district court sent her to prison for five years. Smithson appeals from the sentence.[2]

As a means to change her sentence, Smithson contends the district court abused its discretion by sentencing her to prison rather than probation and substance-abuse treatment, which she argued for at sentencing. We review a sentence imposed for correction of errors at law. *State v. Davis*, 971 N.W.2d 546, 553 (Iowa 2022). "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *Id.* (citation omitted).

Here, the sentence imposed by the district court falls within the statutory parameters, thus, we are to presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors. *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). In other words, it is up to Smithson to affirmatively show the sentencing court relied upon improper evidence to overcome the presumptively valid sentence. *See State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). "[Judicial decisions] deal in differing shades of gray, and discretion is needed to give the

---

[1] Designated a class "D" felony, the charge of OWI, third offense, is a violation of Iowa Code section 321J.2(2)(c) (2020).

[2] All parties agree that Smithson has good cause to challenge her sentence. *See* Iowa Code § 814.6(1)(a)(3); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

necessary latitude to the decision-making process.  This inherent latitude in the process properly limits our review."  *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002); *see also Hopkins*, 860 N.W.2d at 554 ("On our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable.").

Other than pointing out that the best rehabilitation for her is treatment that she cannot receive in prison, Smithson identifies no other considerations made by the district court to suggest that improper evidence or factors were part of the sentencing court's reasoning.  And, the sentencing court addressed Smithson's position by noting that

> [M]y duty under the law is to review what's available to me in terms of community resources and to determine what the appropriate rehabilitative plan for you would be.
> But I also must consider that the public needs to be protected. In doing so, I look at the seriousness of the crime, the [e]ffect this crime has on members of the community, your willingness to accept change and treatment, if needed, and what is available in the community to assist you in that process.
> . . . . The bottom line here, Ms. Smithson, is that you have not taken advantage of the community resources that you've had in the past.  You have had four prior OWI[s].  That's a bit staggering considering most people never get one, and most people who get one change their or modify their behavior.  The fact that you've continued to get OWI[s] over the years is just hard to fathom.
> You've had previous substance abuse treatment with CADS under your prior OWI convictions.  It hasn't done any good.  The bottom line is that you are a danger to the community, and the court finds that prison is the most appropriate alternatives here.  You don't qualify for the OWI continuum.  And so the court is going to impose a sentence of incarceration here.

We do not find this reasoning to be untenable nor the sentence to be unreasonable given the factors considered.  *See Formaro*, 638 N.W.2d at 725.  And because

Smithson failed to identify any improper factors considered by the sentencing court or a defect in the procedure, we affirm.

**AFFIRMED.**