# IN THE COURT OF APPEALS OF IOWA

No. 23-0558
Filed September 4, 2024

**STATE OF IOWA,**
   Plaintiff-Appellee,

**vs.**

**MICHELLE RENEE EVANS,**
   Defendant-Appellant.

_____

Appeal from the Iowa District Court for Cass County, Justin Wyatt, Judge.

Michelle Evans appeals her convictions and sentences after pleading guilty to four counts of animal neglect with injury. **AFFIRMED.**

Jane M. White of Gribble Boles Stewart & Witosky, Des Moines, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Tabor, C.J., Chicchelly, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DOYLE, Senior Judge.**

Michelle Evans appeals her convictions and sentences after pleading guilty to four counts of animal neglect with injury. Evans contends her pleas were not knowing and voluntary because the district court did not inform her of the maximum possible punishment she faced. She also contends the court abused its sentencing discretion by imposing sentences of 180 days incarceration on each count. Because Evans makes no claim that she would not have pled guilty if she had been informed that the court could impose consecutive sentences and the district court did not abuse its sentencing discretion, we affirm.

**I. Guilty Pleas.**

We begin with Evans's challenge of her guilty pleas. She asserts her guilty pleas were rendered unknowingly and involuntarily in that she was not properly informed on the guilty plea record of the maximum possible punishment. Ordinarily, a defendant must move in arrest of judgment to challenge a guilty plea before challenging it on appeal. *See* Iowa R. Crim. P. 2.24(3)(a)(2); *State v. Hightower*, 8 N.W.3d 527, 535 (Iowa 2024). Evans concedes she never did so. But the rule does not apply if the court does not adequately advise the defendant during the plea proceedings that failing to challenge the plea by moving in arrest of judgment within the time limit will preclude the defendant's right to assert the challenge on appeal. *Hightower*, 8 N.W.3d at 535. Evans claims her challenge falls under this exception.

The language used in the written plea form Evans signed is nearly identical to the advisory contained in the written plea form the court found insufficient in *Hightower*.[1] *See*

---

[1] The guilty plea form Evans signed states:

*id.* However, in *Hightower*, unlike here, the defendant did not request or receive immediate sentencing. *See id.* at 535–36. Here, Evans requested and received immediate sentencing.[2] She waived her right to file a motion in arrest of judgment. Her failure to file a motion in arrest of judgment precludes appellate relief. *See* Iowa R. Crim. P. 2.24(3)(a)(2) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). Nevertheless, since we have good cause to address Evans's appeal of her discretionary sentence, *see State v. Damme*, 944 NW.2d 98, 105 (Iowa 2020) ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges . . . a discretionary sentence that was neither mandatory nor agreed to as part of her plea bargain."), we have jurisdiction over the entire appeal. *State v. Rutherford*, 997 N.W.2d 142, 146 (Iowa 2023).

---

18. I understand that if I wish to challenge this Plea of Guilty, I must do so by filing a **Motion in Arrest of Judgment** at least <u>five (5) days prior to the Court imposing sentence, but no more than 45 days from today's date</u>. I understand that by asking the Court to impose sentence immediately that I waive my right to challenge the Plea of Guilty which I have hereby entered.

19. I understand that I have the right to the preparation of a pre-sentence investigation report and a delay of at least 15 days between the date this plea is entered and the date of sentencing. I understand that if I am sentenced immediately, I lose my right to challenge any defect in this plea or plea proceeding by motion in arrest of judgment and appeal to a higher court. Knowing the above, I ask the court to sentence me immediately.

[2] Evans filed her written guilty plea on February 13, 2023, requesting immediate sentencing. The court set a plea and sentencing hearing for March 27 and ordered a Presentence Investigation Report (PSI). The PSI was filed March 21. The hearing on the plea and sentencing was held March 27 with Evans present. After the hearing, the court filed its written order making its findings of guilt, entering judgment, and imposing its sentence. In contrast, after the plea was filed in *Hightower*, the district court entered an order finding Hightower guilty based on her plea and set sentencing and ordered a PSI. 8 N.W.3d at 533. A sentencing hearing was held months later. *Id.*

Evans claims that her pleas were not entered knowingly and voluntarily because she was never informed of the possibility of consecutive sentences.[3] *See* Iowa R. Crim. P. 2.8(2)(b)(2) (stating that the court must ensure the defendant's guilty plea is knowing and voluntary by ensuring the defendant understands the statutory maximum and minimum penalties for the offense to which the plea is offered). But even if we accept Evans's argument at face value, Iowa Code section 814.29 (2021) precludes us from vacating her guilty pleas.

> If a defendant challenges a guilty plea based on an alleged defect in the plea proceedings, the plea shall not be vacated unless the defendant demonstrates that the defendant more likely than not would not have pled guilty if the defect had not occurred. The burden applies whether the challenge is made through a motion in arrest of judgment or on appeal. Any provision in the Iowa rules of criminal procedure that are inconsistent with this section shall have no legal effect.

Iowa Code § 814.29. Because Evans makes no claim that she would not have pleaded guilty if she had been informed that the court could impose consecutive sentences, we affirm her guilty pleas. *See, e.g., State v. Smith*, No. 21-1649, 2022 WL 17481353, at *2 (Iowa Ct. App. Dec. 7, 2022) (refusing to vacate a guilty plea when the defendant made no attempt to comply with the requirements of section 814.29).

**II. Sentences.**

We turn then to Evans's contention that the district court abused its discretion by imposing consecutive terms of incarceration rather than suspending her sentences. We review her sentences for correction of errors at law. *See State v. Wilbourn*, 974 N.W.2d

---

[3] Evans asserts "the written guilty plea form not only failed to include any advisement of the possibility of consecutive terms of incarceration, it also failed to include any advisement that consecutive terms of incarceration would require the place of confinement be prison rather than county jail."

58, 65 (Iowa 2022). Because the sentences fall within the statutory limits, the district court's decision to impose the sentences "'is cloaked with a strong presumption in its favor.' The discretion afforded to the sentencing court is necessarily broad." *Hightower*, 8 N.W.3d at 543 (internal citation omitted). In our limited review of the exercise of that discretion, our task is to determine whether the sentencing court acted unreasonably or considered an improper factor in sentencing. *See id.*

At sentencing, the district court must consider the circumstances of the case and select the option that "will provide maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant and others." Iowa Code § 907.5. The relevant factors include a defendant's age, prior record, employment and family histories, and mental-health and substance-use histories, as well as the nature of the offense. *Id.*

In imposing sentences of incarceration, the district court noted at the hearing Evans's "somewhat lengthy criminal history."

> The thing that concerns me most is this is the second time in just about as many years that we've had charges like this come up regarding animals being neglected significantly by the defendant in this case. I understand that the previous sentence was suspended, and a conviction of any kind on these counts will likely trigger probation revocation matter in Adair County.
> Incarceration is appropriate in this matter given the short time period between these two cases. I understand that sentencing was only two months ago, but given that, I'm going to go ahead and sentence her to 180 days on each of the four counts, Counts I through IV. Those will run concurrent with one another.

The written sentencing order lists the following reasons for the sentence: "Defendant's need for and likelihood to achieve rehabilitation. Society's need for protection from further offenses by Defendant and others. Defendant's extensive criminal history."

Evans complains that in imposing her sentences, the district court relied "almost exclusively on the nature of the crime." Although "the seriousness and gravity of the offense is an important factor," the court cannot rely on the nature of the offense alone in imposing sentence. *State v. Hopkins*, 860 N.W.2d 550, 555 (Iowa 2015). But it is clear from the transcript of the sentencing hearing that the court considered more than the nature of the offense; it considered Evans's "somewhat lengthy criminal history" of similar offenses. It noted that Evans continued to engage in the same behavior after the court imposed suspended sentences on similar charges.

Evans also complains that the district court addressed no mitigating factors. Although the district court has a duty to consider all the circumstances of a case, it need not acknowledge every claim of mitigation urged by the defendant. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Because the record before us shows the court exercised its discretion in imposing Evans's sentences, we affirm. *See State v. Crooks*, 911 N.W.2d 153, 173 (Iowa 2018) ("A district court has not abused its discretion if the evidence supports the sentence.").

**AFFIRMED.**